No. 7216.
First Circuit Appeal.

___

J. ALEX STOTT v. W. D. TALBERT

___

(June 30, 1925. Opinion and Decree.)

___

(*Syllabus by the Editor.*)

1. Louisiana Digest—Evidence—Par. 53, 59.
The burden of proof is on the plaintiff who alleges to prove his positive allegations and consequently where his allegations are denied by two witnesses, he has not proven his case.

Appeal from the Twenty-second Judicial District, Parish of East Baton Rouge, Hon. W. Carruth Jones, Judge.

This is a suit to have judgment annulled under Article 607 of the Code of Practice.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellant.

Jas. D. Womack, of Baton Rouge, attorney for defendant, appellee.

ELLIOTT, J. W. D. Talbert confirmed a judgment by default against J. A. Stott and Amelia Jackson, December 16, 1921, in the Twenty-second Judicial District Court, Parish of East Baton Rouge, No. 6145 and in the suit entitled W. D. Talbert vs. Amelia Jackson, et al.

The plaintiff Stott alleges that when notified of the suit against him on the note described in the petition, he, in company with Talbert, plaintiff in the suit, took up the matter with Colonel Wall, attorney for Mr. Talbert, before any judgment was rendered in the case.

That Mr. Talbert instructed Colonel Wall to discontinue the suit as against Mr. Stott; that it was distinctly and well understood and agreed that Mr. Talbert would proceed no further against him; that thereupon he gave the matter no further concern; but Mr. Talbert, instead of dismissing the suit as promised, took and confirmed a default against him.

Mr. Stott alleging ill practice in the matter, within the meaning of the law—Code Practice Art. 607, brought suit to annul the judgment.

Mr. Talbert in his answer denies that he promised to dismiss the suit against Mr. Stott, and denies the breach of promise alleged against him.

The district judge decided in favor of Talbert. Mr. Stott appealed.

The first feature of the case is whether Mr. Stott had a defense which he desired to urge against his liability as endorser on the note sued on, and was induced to forego his defense by the promise mentioned.

The fact is affirmed by Mr. Stott, but denied by Mr. Talbert.

The facts and circumstances connected with and surrounding the endorsement, as well as the alleged promise to dismiss the suit theron, leaves the matter in doubt.

Mr. Stott speaking of the matter says:

"Q. All right, tell me what took place?
"A. Colonel Wall and Mr. Talbert and myself were in there and I had Mr. Talbert explain to Colonel Wall how it was with

reference to this endorsing, and to request him to dismiss the suit against me, which he did. There was no hesitation about it in any way, and I left them with the assurance of Colonel Wall that there would be no further action taken against me."

Note testimony p. 37, pp. 55, etc. ·

Colonel Wall testifying concerning the same matter says:

"I did not promise to discontinue the suit and Mr. Talbert did not instruct me to do so. I did tell Mr. Stott that I would· not take any action against him, if · I could make it, and I thought I could, out of any of the other parties, and I held up the matter during all of that time in order to try to make something out of the other parties. But after waiting this length of time Mr. Talbert insisted that I go ahead with the execution. He said he had been out of his money· a long time and wanted it. I then issued the order for the fi. fa." Note testimony pp. 64, 65, 71, 73, 76. This statement was repeated by Colonel Wall several times and was his intention to have the court understand that such were the facts in the matter. ·

Mr. Talbert asserts that Mr. Stott was not to be released from the note sued on, and denies positively that he agreed to discontinue the suit against Mr. Stott, and declares that he did not instruct Colonel Wall to do so.

Colonel Wall was questioned just previous to the institution of the present suit, in the presence of Mr. Stott, about the alleged promise. About two years had elapsed and he could not remember the details, but upon the whole he stood upon the statements above mentioned, as to what he had said to Mr. Stott on the former occasion, in the presence of Mr. Talbert.

Mr. Stott may have drawn an improper deduction from the statements made to him by Colonel Wall, but if he drew an erroneous inference from what was said to him, without any fault on the part of Mr. Talbert or his attorney, and .without any deception practiced on him, we can not release him from his own mistake in that respect.

We have considered the case; have read with interest the briefs of the parties, and noted the authorities cited. It remains that the burden of proof is upon Mr. Stott; not only in the matter of his liability as endorser on the note, but as regards the promise which he alleges was made to him to discontinue the suit. Two witnesses deny his averments.

It is a question of fact. We think the opinion of the district judge should not be disturbed.

Judgment affirmed. The plaintiff and appellant to pay the cost in both courts.