THERMO ELECTRIC CO. v. DAUTERIVE

---

(June 18, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Evidence—Par. 340, 351.
The testimony of two unimpeached witnesses will prevail over that of one witness of like character.

Appeal from First City Court. Hon. W. Alexander Bahns, Judge.

Action by Thermo Electric Co. against A. B. Dauterive.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Elias Bowsky, of New Orleans, attorney for plaintiff, appellee.

Thos. E. Furlow, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a suit for the price of incubators and brooders which the plaintiff sold and delivered to the defendant.

The plaintiff alleged that on March 12, 1927, and on April 4, 1927, it sold to the defendant 15 incubators and 13 brooders for the price of $359.60, upon which defendant paid $89.90, leaving a balance due of $269.70, which defendant fails to pay and for which plaintiff claims judgment.

The defendant admitted that he purchased and received from plaintiff three incubators for the price of $318 and two 500-chick hovers for the price of $20.80 each, on account of which he paid $89.90, leaving a balance of $269.90 which, however, he does not owe for the following reasons:

I. That the incubators and hovers were guaranteed to serve the purposes for which they were sold, and

II. That the plaintiff agreed that if at any time defendant desired to return the incubators and hovers plaintiff would take them back and refund to defendant the portion of the price paid by him;

III. That defendant attempted to use said incubators and hovers, and it was found that in one of them there was a short circuit which rendered it unfit for use and dangerous.

IV. That he is unable to state that the remaining two incubators or hovers, which appear to be in good condition, are serviceable because there was irregular and uncertain voltage of electricity furnished by the Public Service Company.

V. That he knows that one incubator and hover is inefficient and dangerous, but does not know whether the other two are the same, and that he should not be made to pay until their efficiency is established.

VI. That he is entitled to be refunded the $89.90 paid by him.

In a supplemental answer defendant alleged that Mrs. Bendler, the representative of plaintiff, stated to him "that in the event he could not get satisfactory and efficient electrical service the plaintiff would take them back and would refund the amount paid by him; and that at no time was he able to get such service.

There was judgment in favor of plaintiff for the amount claimed, $269.70, from which the defendant has appealed.

The first and most important question in this case is the extent of the "guarantee" or promise made by the plaintiff to the defendant prior to the sale.

The defendant, A. B. Dauterive, testifies as follows:

"I purchased them and before getting them I went back to her (Mrs. Bendler) and told her I was afraid of the incubators on account of the electric service; she said in case we do not get it, they would take them back and refund the money. She guaranteed the incubators to give as good a hatch as any on the market, and if we were not satisfied and could not get electricity she would take back the machines and refund what we paid. She assured me she would take them back if I could not get the service. * * * If the incubators were not satisfactory in any way, or if we could not get proper service from the electric company she would take back the incubators and refund me the deposit which she failed to do when I would not risk any more eggs in there. The guarantee was that she would let me return the incubators."

P. B. Dauterive, a brother of A. Dauterive, testified as follows:

"My two brothers, this one and the other, we called at the office of Mrs. Bendler in regard to taking incubators. We were together in the chicken business and Mrs. Bendler stated that these incubators were mostly on trial, that is, if we purchased them, because we were all so afraid of the electric incubators on account of the juice, so Mrs. Bendler then stated that if the incubators did not prove absolutely satisfactory and if we did not get the proper service from the lights we were not supposed to take the incubators and she would refund the money * * * She stated if we did not get the proper service we were not supposed to keep the incubators and we told her we did not care to have them because we were afraid of the service. She stated if we did not get the proper service she would take them back."

Mrs. Bendler was the secretary-treasurer and manager of the plaintiff company.

The testimony is abundant that the electric service was deficient.

Mrs. Bendler denies that she gave any such guarantee or made such a promise. But according to rules of evidence and according to probabilities the court is bound to conclude that Mrs. Bendler did make such a guarantee. Therefore it is immaterial if the defendant fails in his other defenses. Defendant's testimony is fortified by the fact that he is an engineer and that his former occupation was that of a "chemist and operating sugar factory entirely operated by electricity." It is not probable that the incubators did not work for any fault of his.

It is therefore ordered that the judgment herein be reversed and set aside and it is now ordered that there be judgment in favor of the defendant rejecting plaintiff's demand at his cost in both courts. It is further ordered that there be judgment condemning the plaintiff the Thermo Electric Company, Inc., to pay to the defendant, Alfred B. Dauterive, eighty-nine and 90-100 dollars with five per cent per annum interest from October 13, 1927, until paid and all costs of suit.