No. 2034.—BALTHAZAR BLANCK *v.* H. SPECKMAN AND WIFE.

A judgment can not be annulled by direct action for any alleged vice of form in the mode of proceeding. It can only be annulled by such action for one of the three classes of vice of form contained in article 606 of the Code of Practice, viz: First, where the judgment debtor could not stand in judgment; second, where the judgment debtor had not been cited; third, where the court is without jurisdiction *ratione materiæ.*

Therefore, if the judge *a quo* has rendered judgment on default in a damage suit without the intervention of a jury as required by article 313 of the Code of Practice, such alleged vice of form may be remedied by appeal, but the judgment can not be annulled by direct action.

APPEAL from Seventh District Court, parish of Orleans. *Collens,* J. *Cotton & Levy,* for plaintiff and appellant. *Richard Shackelford* and *Fellows & Mills,* for defendants and appellees.

HOWE, J. This action was instituted in 1863 to annul a judgment rendered in 1859. There was judgment in favor of defendants, and the plaintiff has appealed.

The only cause of nullity relied upon by the plaintiff, appellant, is found in the fact that the suit of Speckman *v.* Blanck was an action for damages; that a default was entered, and that this default was confirmed and judgment rendered by the court without the intervention of a jury.

The Code of Practice, under the section "Of Judgment by Default," provides, article 313, that "when, from the nature of the demand, damages are to be assessed, the court will direct a jury to be summoned to find the same in the same manner as if the defendant had

answered, and the court will give their judgment in conformity with the verdict of the jury."

The appellee contends, and so the court below decided, that the omission to call a jury in that case was an irregularity which might have been remedied by appeal, but which can not be urged, after a lapse of nine years, by an action of nullity.

The causes of nullity of a judgment are two-fold: First, those which relate to the method of procedure and are called vices of form; second, those which appertain to the merits of the question tried. The want of citation is an example of the first class; the obtaining of a judgment on forged documents is an example of the second class.

It is evident that the cause urged by the plaintiff, if any cause it be, would fall into the first class, being an alleged vice of form. These vices of form are catalogued in article 606, C. P. They are arranged in four paragraphs, but may be reduced to three classes:

*First*—Where the judgment debtor could not stand in judgment.

*Second*—Where the judgment debtor had not been cited; and

*Third*—Where the court was without jurisdiction *ratione materiæ*.

We do not understand that a judgment may be annulled for any other *vices of form* than those specified in article 606. The language of the article is plain: " The vices of form for which a judgment can be annulled are the following," etc.

It is otherwise with the causes of nullity which appertain to the merits of the question tried. They are referred to in article 607, and it has been often held that the cases specified in this article are merely illustrative and not exclusive; and that a judgment may be annulled upon equitable grounds, in case an appeal would have afforded no remedy, and a real injury would be sustained, and the party had not been guilty of *laches*, and a just defense was alleged and proved. 1 Rob. 523; 3 An. 346; 11 An. 33. And the reason of this distinction is plain. It is easy for the Legislature to say, and they have said in article 606, in what cases a judgment should be annulled for vices of form; while it would be difficult and dangerous to attempt to define and thus to limit the possible cases of error and fraud which might necessitate equitable relief.

The plaintiff's case must, therefore, fail. It is not expressly provided for in article 606, nor is it included in the more flexible article 607. The irregularity of which he complains, is not a fundamental defect, like the want of citation, nor is the judgment radically defective, like that rendered against a minor without the assistance of his tutor, or by a court without jurisdiction *ratione materiæ*. He had an ample remedy by appeal, and there was no error or fraud. 9 La. 79; 9 An. 197; 9 An. 428; 10 An. 641; 14 An. 656.

Judgment affirmed.