## No. 7970.

### ADA A. WALKER vs. L. T. BARELLI.

This Court cannot, under the Constitution, entertain jurisdiction of an original action of nullity of one of its judgments.

APPLICATION to bring an original action of Nullity of Judgment.

Sam'l R. Walker for the Plaintiff.

Ellis & Ellis, contra.

The opinion of the Court was delivered by

FENNER, J.   This Court has never, from its foundation, so far as we have been able to discover, entertained an original action of nullity of

judgment. When, therefore, the petition in this case was presented to us, the novelty of the proceeding and our serious doubts as to its propriety and as to our jurisdiction over it, prompted us to issue an order directing the parties to show cause, on briefs, why the proceeding should or should not be entertained.

The Constitution could not be more emphatic than it is, in declaring that "the Supreme Court, except in cases hereinafter provided, shall have appellate jurisdiction *only.*" Art. 81.

The exceptions referred to are contained in Articles 89, 90 and 200, and they certainly do not embrace the instant case.

It will not be disputed that an action of nullity of judgment is an original suit entirely independent of the suit in which the judgment sought to be annulled was rendered.

The petition presented to us is not a petition for appeal which could only be presented to an inferior court. It brings up no record and asks no review of any ruling of an inferior court.

It is an original petition presented in this court, having no connexion with any other proceedings, asking us to cite a defendant, to require him to answer, to create a *contestatio litis*, to take and consider evidence, to hear·and determine the cause and to render judgment between the parties. It is, in no sense, an appellate proceeding ; and, not being such, whence are we to derive jurisdiction over it ?

The judgment sought to be annulled is a judgment rendered by this Court affirming a judgment rendered by an inferior court. We are referred to articles 608 and 610˙ of the Code of Practice declaring that the nullity of judgment must be demanded from the same court which has rendered the same. But, aside from all other questions affecting the applicability of those articles, it is plain that neither the Code of Practice nor other legislative act can confer upon this Court jurisdiction withheld from it by the Constitution.

It is said, however, that article 11 of the Bill of Rights which provides for "open courts" and "adequate remedy by due process of law" for all injuries, is appplicable to this case. But the Constitution elsewhere provides for what purposes this court shall be *open*, and what *remedies* it may administer. If we were to abandon the criterions thus established and to regulate our jurisdiction according to our own ideas of the adequacy and propriety of remedies, constitutional restraints would be of no avail.

We have examined all the cases referred to by counsel for petitioner (2 La. 8 ; 5 R. 288 ; 9 A. 28 ; 10 A. 18 ; 29 A. 597 ; 30 A. 794: 31 A. 468), and have made independent researches, without finding any remotely tending to sustain our jurisdiction.

None of them deserve notice except the case of Melançon vs. Brous-

Walker vs. Barelli.

sard, 2 La. 8, which was an action brought in the District Court to annul a judgment rendered by the Supreme Court, and Judge Martin said: "But the appellee's counsel urges that, as this Court possesses no original jurisdiction and cannot receive any from the Legislature, its judgments may be attacked on the score of nullity, in the court which rendered the judgment appealed from, whether affirmed or reversed by this Court. This appears to us a *non sequitur.*" Whatever may be said of the soundness of this decision so far as it denies jurisdiction to the District Court, it certainly cannot be claimed that it asserts or admits, such jurisdiction in this Court. On the contrary, it admits that this Court has not such jurisdiction, but holds that it is a *non sequitur* to say that, *therefore,* the jurisdiction rests in the District Court.

As to the jurisdiction of the District Court, we find no subsequent case reiterating the doctrine, and in the case of Grivat vs. Bank, 31 A. 467, its authority was impliedly disregarded. There, the suit was brought in the District Court to annul a judgment of this Court, and the latter determined the case, without questioning the *jurisdiction* of the inferior tribunal, upon other grounds.

We are not now called on to determine anew the question of the jurisdiction of the District Court, and will do so only when properly presented.

It is sufficient for present purposes, to say that we are clearly satisfied that this Court cannot entertain such an original action.

It is, therefore, ordered that the petition of plaintiff herein be not entertained, and that no further proceedings be had thereon.