BREAUX, C. J.
This is an action in nullity to have decreed null a judgment rendered on the 26th day of April, 1904, homologating .a provisional account so far as not opposed, and to have decreed null a judgment rendered on the 20th day of May, 1904, homologating an account contradictorily with creditors who had filed oppositions.
Mrs. Cuthbert Schaeffer, by whom this suit was brought to annul these judgments, also in the same petition asks for judgment .against the Schaeffer-Gaiennie Company, Limited, in the sum of $2,000, with legal interest at the rate of 8 per cent, per annum from July 14, 1902, and for its payment in •due course of administration.
The business of the firm of Schaeffer-■Gaiennie Company, Limited, was placed in the hands of Elias Landauer, appointed receiver. He administered the business affairs of the firm, and in time presented a provisional account for his administration. It was opposed by the People’s Savings Bank, Peter Stifft, and the Kern Light Company, ■each claiming as creditor.
These oppositions were decided and the account was homologated on the 20th day of May, 1904, and the amount in the hands of ■the receiver was ordered to be distributed.
When the proceedings were taken to have the account homologated on the 20th day of May, the receiver filed a list of creditors as a sort of addendum to his account.
One of the grounds alleged in nullity is that no proper advertisement was made of this list of creditors, and that the judgment homologating this list of creditors was entirely null.
Another ground urged in nullity is that no proper proof was made of either the irnovisional account or list of creditors, such as required by article 1042 of the Code of Practice.
Petitioner’s complaint is further that her claim was omitted from the provisional account and from the list of creditors.
To plaintiff’s petition to annul the judgments before mentioned, two exceptions were filed, to wit, an exception setting forth the prescription of 12 months, and the exception of no cause of action. After hearing, the judge of the district court maintained the plea of prescription. From the judgment, plaintiff in the action in nullity prosecutes this appeal.
Plaintiff’s grounds:
First. The petition discloses a cause of action against the judgment of the 26th of April, 1904.
Second. The petition discloses a cause of action against the judgment of the 20th of May, 1904.
Third. The action of nullity against the judgment of the 26th of April, 1904, is not prescribed.
Fourth. The action of nullity against the judgment of the 20th of May is not prescribed.
1. The exception of no cause of action is the first before us. It does not appear that the judgments attacked have been obtained through fraud or other ill practices on the part of those in whose favor the judgments attacked were rendered. This eliminates all *385 necessity of considering article 607 of the Code of Practice, which sanctions the action in nullity in which in legal proceedings fraud or other ill practices enter.
The issue in disposing of this cause must be considered in reference to article 606, and we may as well state now that we have not found that under that article (which is the only one which could give the least ground for attack) the action of plaintiff can be sustained.
The last cited article does not go to the extent on grounds here urged of authorizing an action in nullity where the complaining party has entirely neglected his right of appeal.
The plaintiff urges:
“An action in nullity is the proper proceeding to set aside a judgment without default rendered without citation.”
It is answer enough to state, as relates to the necessity of default, it need not be taken in proceedings to homologate an account of a receiver or an administrator. There was no citation. Legal notice had been given by advertisement, and that was the legal citation prescribed.
This disposes of plaintiff’s objection on the score just stated.
2. The plaintiff had full opportunity to present her claims. She had been a party to the 'proceedings over a year before she brought her action in nullity. Having allowed that delay to elapse without taking an appeal, she has no standing in court in an action in nullity.
The attack on the judgment dated April 26, 1904, has no merit. It was obtained contradictorily with parties in interest, who had been notified as before mentioned. The account was verified by the oath of the receiver, and presented to the court for homologation.
The judge by whom the account was homologated stated in the judgment that he rendered that due proof had been made of the advertisement of the account, and that due proof had been made of its correctness. Effect must be given to this judgment. It cannot be treated as a mere nullity. Creditors and others in interest must be held to some, degree of diligence. The form of proceedings required by article 1042 of the Code of Practice, cited by plaintiff, which consists in taking down the testimony and annexing it to the record, has never been held in itself ground sufficient to sustain an action in nullity.
Learned counsel for plaintiff has referred to a number of decisions construing that article and .holding that the requirements should be followed. All these decisions were rendered on appeal. Not one was rendered in an action in nullity. Take, for instance, the Bellocq Case, 28 La. Ann. 154, the Gubernator Case, 20 La. Ann. 106, which plaintiff’s counsel confidently relies on, and others cited. In these eases the question at issue was presented on appeal, and not in an action in nullity.
The judgment of May 20, 1904, is the next before us for review in the order of issues as presented. The attack upon it relates to form. Article 606 specifies the ground for which an action in nullity lies. It is limitative in its effects, and the action here does not fall within its terms.
Said this court in Blanck v. Speckman, 23 La. Ann. 147:
“And the reason of this distinction is plain. It is easy for the Legislature to say, and they have said in article 606, in what cases the judgment should be annulled for vices of form, while it would be difficult and dangerous to attempt to define and to thus limit the possible causes of error and fraud which necessitates equitable relief”
—provided for in article 607, which is not pertinent here, as error and fraud are not • alleged.
Article 606 does not provide for the action in nullity on the ground here pleaded.
*387 Appellant’s contention further is that the list of creditors filed just before the account was finally homologated, not having been advertised, is not binding. That is true, but that list can be no protection unless it is a list of creditors entitled to tbe amount represented thereon. The list does not vitiate the judgment in so far as it is legal.
The judgment of the district court, setting aside the action in nullity in so far as the account was regularly homologated, is sustained. It is reversed in so far as relates to the list of creditors, filed some time after the account had been filed, and which does not form part of the account. Costs in both courts to be paid by the receivers.