On Rehearing.
NIOHOLLS, J.
As stated in the original judgment in this case, Mrs. Marie Grenier, the widow of Constant Guillebert, was, after his death, appointed and qualified as natural tutrix of their minor children. She shortly after married Alfred J. Mayer, but was retained in her tutorship under advice of a family meeting.
On the 2d "of October, Mrs. Marie Grenier, wife of Alfred J. Mayer, representing herself as natural tutrix of her minor children, Adele C. and Camille M. Guillebert, issue of her marriage with Constant Guillebert, deceased, and as such administering the succession of said Constant Guillebert, filed a petition with the district court for the parish of Avoyelles, in which she alleged that she had filed therein a provisional account of said succession. She prayed that same be advertised as the law direct; that, after legal delays and due proceedings had, the said tableau be homolo-gated in all its parts and particulars; that she be allowed to pay debts placed thereon and given credit as claimed. She prayed for all orders necessary in the premises and for general relief. The court ordered on the same day that the prayer of petitioner be granted; that the tableau be advertised as the law directs; and, after the legal delays and due proceedings had, and there be no opposition thereto, that it be homologated in all its parts and particulars.
On the 12th of October, the undertutor of the minors by his counsel appeared and declared that he had carefully examined the said provisional tableau, and, finding the same correct, he recommended the homologation of the same in all its parts and particulars.
On the 22d of October, 1902, the district court rendered judgment “in the matter of the provisional account of the succession of Constant Guillebert, rendered by Marie Gren-ier, natural tutrix administering the same,” ordering, adjudging, and decreeing that, “with the exception of credits not therein allowed, the said provisional tableau be homologated in all its parts and particulars.”
On the 29th of August, 1890, representing herself as the natural tutrix of her minor children issue of her marriage with Constant Guillebert, and as such administering his succession, Mrs. Marie Grenier, wife of Alfred J. Mayer, filed a petition in the said district court in which she alleged that she had filed in said court a tableau showing her gestión o-f said succession up to said time.
*1021 She prayed for advertisement of same, and that, after legal delays and due proof had, said tablean as filed by her be homologated in all its parts and particulars, and for further orders necessary in the premises, and for general relief. The district court ordered that the prayer of petitioner be granted; that the tableau filed by Marie Grenier, natural tu-trix administering the succession of Constant Guillebert, deceased, be advertised according to law.
George L. Mayer, undertutor, accepted service of and waived citation of this tableau. On the 29th of February, 1891, the district court rendered the following judgment:
“The matter of the homologation of the provisional account of Constant Guillebert, deceased, rendered by Marie Grenier, natural tutrix, administering said succession, coming up to be heard in open court, and due proof of advertisement of said account, of correctness of each and every item on said account, of notice to under-tutor and all legal requirements, and the law and the evidence being in favor of the homolo-gation of same, it is therefore ordered, adjudged, and decreed that the provisional account he homologated and approved in all its parts and particulars; that said tutrix be allowed credit for all items placed thereon as bad debts. It is further ordered, adjudged, and decreed that said tutrix be authorized and ordered to pay all claims placed on said account as due creditors of the succession of Constant Guille-bert, deceased.”
Adele Guillebert, one of the children of Constant Guillebert, of whom Mrs. Marie Grenier was tutor, married when a minor without her mother’s consent to Dr. Barbin, and shortly after her marriage instituted a suit seeking to compel her mother to file an account of tutorship and to deliver to her possession of the property belonging to her which was in her possession as tutrix, on the ground that she had become emancipated by marriage and because her mother had lost the tutorship by reason of her having failed to have an inscription to be made in the mortgage office so as to secure to her the benefit of a legal mortgage on the property of her stepfather. The mother pleaded an exception of no cause of action, which the district court sustained, and on appeal that judgment was affirmed. Mrs. Adele C. Guillebert v. Mrs. Marie Grenier, 107 La. 614, 32 South. 238. Mrs. Adele Barbin took in 1905 two separate devolutive appeals from the judgments of the district court for the parish of Avoyelles in the matter of the succession of Constant Guillebert, one from a judgment homologating the provisional account of 1886, in the succession of Constant Guillebert, and the other from the judgment homologating the second provisional account of 1890. The Supreme Count on motion dismissed both appeals for the reason that none of the creditors whose claims were recognized in those accounts had been made parties to the appeals. It held that the provisional accounts sought to be appealed from were accounts of administration, not of tutorship, and the creditors should have been made parties thereto.
The writer of this opinion was the organ of the court in the matter of the first provisional account of 1886; Mr. Justice Monroe in that of 1890. In announcing the decree (in the case in which he was organ of the court) the dismissal of the appeal was predicated upon the fact assigned by him that minors reaching the age of majority were entitled to require the tutor at the termination of the tutorship to render an account of his entire gestión including the period covered by the annual provisional accounts, but that they were not entitled to separate and distinct appeals from each annual provisional account; that the tutor should file his final account and attach thereto as part and parcel thereof the different annual accounts. The accountants have in the present proceeding followed those suggestions and attached to and made part of the final account the prior provisional judgments of homologation. The opponent seeks here to avail herself of the fact that the prior accounts are not supported by a separate and distinct voucher for each item appearing in the provisional ac *1023 counts and identified therewith, and that any item not so specially supported by a distinct voucher should he placed on the footing of an item appearing for the first time on the final account and unsupported by any evidence. The liability to loss not only of the vouchers but of the pleadings, of judgments and of entire records, has been frequently alluded to by this court. The present proceedings disclose the loss of almost all the papers in a record in which the litigants hereto are concerned. We do not think that the disappearance of vouchers which were once furnished' (a fact over which the parties to the suit had no control) should carry with it injury and loss and require them to prove affirmatively and de novo facts which happened 20 or 30 years before, the details of which they could not be expected to remember. We had occasion to refer to that subject in Rosenthal v. Rosenthal, 117 La. 793, 42 South. 270. See Payne & Joubert v. Schaeffer-Gaiennil Co., 119 La. 386, 44 South. 134. We are of the opinion that the judgments of homologation of the two provisional accounts in this succession were prima facie correct and covered the subject-matter therein homologated to 'the extent of the ho-mologation, requiring no present affirmative proof to support them to that extent. The items disputed should be set out by direct allegations of opposition. Those allegations would not prove themselves. Facts or circumstances sufficient to overcome the presumption of correctness should be shown. The mere maxim “de non apparentibus” has no application in such a case. A question arose in this case as to the person upon whom the burden of proof rested (under the circumstances on which the case was presented) as to the establishment of the correctness of the items upon the two provisional accounts.
The court held the onus to be ordinarily upon the opponents. Under its special facts it permitted evidence to be placed in the record which should throw light upon the extent and scope of the judgments homologat-ing the two provisional accounts. This case presents exceptional features. Not only were most of the vouchers lost, and the terms of the judgments of the most uncertain and ambiguous character, but the, forms of the accounts as presented and acted on have added to the difficulty of the situation. The accounts fail to show affirmatively on their debit side what amounts of money were received by the tutors from the notes, judgments, or other assets which figure in the inventory other than from rents from land, nor from what quarter or source those funds were received. They simply announce and admit a liability by accountants for values to the extent of the values shown by the inventory, and as against that liability they offered to show disbursements or releases in different ways from such liability.
Accountants on the trial of the final account placed Alfred J. Mayer, the co-tutor (who seems to have had the complete control and management of the succession affairs), upon the stand, and took up one by one the items appearing on the inventory, offering to prove by his evidence what the different amounts were for, that they were correct, and that they had been paid by them.
Counsel of opponents on cross-examination of the witness questioned him closely upon the whole subject-matter covered by his testimony, and the district judge in his judgment acted on each separate item, either accepting the item as one for which accountants should be released in full, only partially, or rejecting it, or charging it up against the accountants entirely or partially, as the case might be. We have examined the testimony so taken, and we think that the conclusions of the trial judge thereon were in the main correct as announced in our opinion herein. We do not see under the evidence from what quarter the moneys came which were necessary to have been in the *1025 possession of the accountants at the time when the provisional accounts were filed, in order to have made the disbursements claimed to have been made, particularly the large amount of over $12,000 which was admitted to be due to Mrs. St. Laurent (the sister of Mr. Guillebert) for moneys received from her and owing to her.
The inventory as corrected did not show any amount on hand in cash sufficient to mate the disbursements, and the accountant made no showing whatever of having received moneys thereafter from the notes or judgments placed in his hands.
In passing on the case the district court said:
“The provisional accounts were prima facie correct unless rebutted by evidence of their incorrectness on the face of the papers.”
Both parties moved for a new trial from the judgment of the district court, assigning different grounds of complaint from their respective standpoints.
The court overruled both motions and in so doing used the following language:
“The court being of opinion that clerical errors, miscalculations, and omissions existed in the original opinion, considered a re-examination necessary in order to do justice between the parties; but, instead of granting a rehearing, the court has prepared a new account, which is now substituted in the place of the original account homologated by the court with proper corrections of errors and omissions; this being done to simplify matters rather than to render a new opinion and recasting of the account.
“The court will not discuss the different grounds and reasons urged by counsel for the changes demanded in this account, except as to the question of interest. On this question the counsel for opponent has prepared an able brief with calculation of interest, all of which no doubt would be of great assistance to the court; but a re-examination of all the accounts, vouchers, judgments, writs of fi. fa., date of execution, dates of payment, calculation of interest, and comparing of same with the appraised value as set forth in the inventory, which is pretty well mixed up, would be a task impossible to accomplish so as to arrive at a satisfactory conclusion. The court has therefore adopted an average for the calculation of interest as to the time of payment, and feels satisfied that the conclusion reached is fair, just, and equitable. This succession is not only complicated, but so improperly and carelessly administered that, when the court has completed its labors in this matter, it has accomplished all.that can reasonably be expected from it. The balance will be left to the Supreme Court for proper adjudication if errors were committed. The rehearing prayed for is therefore refused.”
Counsel for accountants make a very earnest appeal to us to remand the cause, urging that they were misled in the course they pursued as to the scope and effect of the homologation of the two provisional accounts, and maintain that if given an opportunity they can sustain before the lower court the correctness of the final account as presented hy them.
Counsel of appellee resists that prayer and urges the court to pass at once on all the issues in the case giving his client the relief prayed for by them in their prayer for an amendment of the judgment appealed from.
We do not feel that we would do justice to the parties if we attempted to finally decide their rights and obligations on the record as now presented. We have thought it right and proper that the judgment heretofore announced by us be set aside, as also the judgment appealed from, and that the accountants be ordered to recast their account; that the case be remanded to the district court for further proceedings. We desire particularly to be furnished with information going to establish the basis for calculating interest from any particular dates and showing the reasons why and the theory upon which the trial court adopted an average (and the par ticular average it did) for the calculation of interest.
Before closing, we desire to refer to the claim made by the opponent that the tutor and co-tutor should be charged with the sum of $7,500 for failure to enforce and collect from J. A. Boyet the amount of a compromise entered into between them and the *1027 said Boyet tinder advice of a family meeting in settlement of -a demand by accountants against him for tbe nullity of tbe alleged will of bis deceased wife, Mrs. St. Laurent. Opponent claims that this amount was Lost by tbe fault of tbe accountants. Tbe district court rejected this claim, and opponent urges that it should be recognized and enforced, as a just claim, against tbe tutor and co-tutor.
Tbe claim is one wbicb tbe succession of Constant Guillebert is not concerned in. It is one wbicb concerns alone two children of whom accountants were tbe tutor and tbe co-tutor. Tbe whole matter demands further investigation and evidence.
For tbe reasons assigned, it is hereby ordered, adjudged, and decreed that tbe judgment heretofore rendered by us in this case be, and the same is, set aside, as is also tbe judgment appealed from, and tbe case is remanded to tbe district court for further proceedings, with instructions that tbe tutor and co-tutor file a full and complete tutorship account connected and detailed showing amounts received by them and tbe dates on which received, tbe amounts paid out by them, and tbe dates on which paid, as accurately .as possible; that the opponents to said account make specific objection to whatever items of said account they object, stating tbe grounds of tbe objection to each item so objected to, and setting forth definitely and particularly with dates and amounts whatever other matters they may have to urge against tbe correctness and fullness and completeness of the said account of tutorship with leave to each party to introduce further evidence. Tbe costs of tbe present appeal to be paid by tbe party against whom tbe judgment is eventually increased, or, in case the judgment appealed from is eventually affirmed, then by tbe appellant.
BREAUX, G. J., dissents in part.