## WILLIAMS v. LEYLAND LINE STEAMSHIP CO.

---

(June 4, 1928.   Opinion and Decree.)
(June 18, 1928.   Rehearing Refused.)

---

*(Syllabus by the Court)*

1. Louisiana Digest—Courts — Par. 128; Judgment—Par. 114; Master and Servant—Par. 160(I).

An action of nullity is a separate suit and this court is without jurisdiction to consider an appeal from a judgment decreeing the nullity of a judgment in excess of $2000.00 obtained in a suit under the compensation law. (Act 20 of 1914 as amended.)

Appeal from Civil District Court, Division "A." Hon. H. C. Cage, Judge.

Action by George Williams against Leyland Line Steamship Co. In re Frederick Leyland and Co., Ltd., vs. Robert Williams, calling himself George Williams.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

H. Grady Price, of New Orleans, attorney for plaintiff, appellee.

Geo. Sladovich, of New Orleans, attorney for defendant, appellant.

## ON MOTION TO DISMISS.

WESTERFIELD, J.  Appellee moves to dismiss this appeal upon jurisdictional grounds.

The judgment appealed from is one decreeing the nullity of a judgment, rendered in a suit under the compensation law, for one of the causes mentioned in C. P., 607.

The judgment annulled by the decree complained of was rendered by Div. "A" of the Civil District Court June 8, 1926, and it condemned Frederick Leyland & Co., Ltd., to pay to one George Williams $20.00 per week for 400 weeks. The judgment was affirmed by this court, La. App. Vol. 7, p. 35, and a writ refused by the Supreme Court October 4, 1927.

It is argued that the action of nullity cannot be separated from the compensation suit and since the court has undoubted jurisdiction of compensation suits regardless of the amount involved, it follows that we have jurisdiction of this appeal.

The argument is not tenable. The nullity of the judgment is not urged on appeal but by petition and citation, because the nullities complained of are not patent on the face of the record, C. P., 610. Such proceeding is a separate suit. Walker vs. Borelli, 32 La. Ann. 1160.

The amount involved far exceeds $2000.00, the maximum jurisdiction of this court in this class of cases. The case should be transferred to the Supreme Court as provided in Act 19 of 1912.

IT IS ORDERED that this appeal be transferred to the Supreme Court conditional upon appellant fixing in said court in proper form, a transcript of appeal within thirty days.