**HANSON v. HAYNES, Sheriff, et al.***

No. 5393.

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

Malcolm E. Lafargue, of Shreveport, for appellants.

A. S. Drew, of Minden, for appellee.

HAMITER, Judge.

The annulling of a judgment is sought in this action.

The following is a summary of the factual allegations of plaintiff's petition which are material to a decision herein:

Mrs. Mary E. Hanson, a widow approximately 75 years of age and plaintiff herein, arranged with her son-in-law, T. M. Sparks, a defendant in this cause, and with his wife, Mrs. T. M. Sparks, who is plaintiff's daughter, to live with and care for her, Mrs. Hanson, and maintain her home until plaintiff's death. As a consideration for this plan and their efforts in her behalf, she signed and executed an instrument in their favor on May 14, 1932, which reads as follows:

"For a past due obligation, I acknowledge that I owe Mr. & Mrs. T. M. Sparks, or bearer the sum of Four Hundred & fifty & no/100 Dollars for value received, with eight (8%) per cent interest from date until paid, and ten (10%) per cent Attorney's fees on said sum, if necessary to collect same by legal process and all cost. The amount stated in this note is due and I hereby waive citation, time and all legal delays and confess judgment in favor of said Mr. and Mrs. T. M. Sparks

*For opinion on rehearing, see 171 So. 146.

or any legal holder hereof for said amount, interest, cost and attorney's fees to be incorporated in and form a part of this judgment.

"Attest:

"L. F. Howell.    Mrs. M. E. Hanson."

It was agreed that no attempt would be made to collect the above amount from plaintiff, but that the note would be presented after her death and collected out of her estate, such instrument being given for protection to the payees as against the other heirs.

Mr. and Mrs. Sparks moved to plaintiff's home, pursuant to the agreement, and resided there for several months. Thereafter, and after such note had been signed, defendant Sparks abandoned his wife and Mrs. Hanson.

On November 22, 1932, suit on the above instrument was filed in the district court of Webster parish, being No. 8407 on the docket of that court and styled Mr. and Mrs. T. M. Sparks v. Mrs. M. E. Hanson, and on that same date judgment was rendered and signed therein in favor of the named plaintiffs and against Mrs. Hanson for the amount designated and shown in the instrument.

On June 20, 1936, a writ of fieri facias issued from said judgment, and Mrs. Hanson's undivided one-half interest in and to sixteen acres of land in Webster parish was seized. The seized property was then advertised to be sold at public auction on August 15, 1936. The issuance of that writ was the first knowledge that plaintiff had of the action having been taken on the note.

The interest of Mrs. Sparks in the judgment was cancelled by the clerk of court of Webster parish, in accordance with her directions to him for such cancellation.

This suit was filed by Mrs. Hanson on July 22, 1936. She avers the nullity of the judgment on several grounds and particularly that it was obtained through fraud. Her prayer is for the issuance of a preliminary writ of injunction, and thereafter a permanent injunction, against T. M. Sparks and O. H. Haynes, sheriff of Webster parish, restraining the sale of the seized property. Judgment is further sought canceling and annulling the writ of fieri facias, ordering her property released, and decreeing the above described judgment in cause No. 8407 to be null and void and ordering its cancellation.

A plea of one-year prescription and an exception of no cause or right of action were tendered by defendant.

After a hearing of the matter on a rule to show cause, the trial court overruled the plea of prescription and the exception of no cause or right of action, and granted the preliminary writ of injunction as prayed for. Defendant T. M. Sparks then appealed devolutively to this court.

According to the brief of counsel for defendant Sparks, the appeal presents for our consideration the rulings of the trial court on the above mentioned exception and plea.

Code of Practice, art. 607, provides that: "A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud, or other ill practices on the part of the party in whose favor it was rendered; as if he had obtained the same by bribing the judge or the witnesses, or by producing forged documents, or by denying having received the payment of a sum, the receipt of which the defendant had lost or could not find at the time, but has found since the rendering of the judgment."

The several examples of fraud and ill practice set forth in that article are in no sense exclusive or restrictive. They are merely illustrative. Our courts are allowed and given large discretion in determining when a judgment should be annulled because of fraud and ill practice. Lacoste v. Robert, 11 La.Ann. 33; Blanck v. Speckman, 23 La.Ann. 146; Lazarus v. McGuirk, 42 La.Ann. 194, 8 So. 253; City of New Orleans v. Le Bourgeois, 50 La. Ann. 591, 592, 23 So. 542.

The Louisiana Supreme Court stated, in Succession of Gilmore, 157 La. 130, 102 So. 94, 95, that: "It is true that said petition does not charge 'fraud' or the ill practices specifically enumerated in the article of the Code of Practice above cited. The remedy given by said article to annul judgments, however, is not restrictive. The courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable. Our courts will follow the general principles of equity jurisprudence applied by the equity courts of the other

states of this country in actions of this character."

The allegations of fact in the petition herein, if true, and we must accept them as being true in passing on the exception of no cause or right of action, impliedly, if not expressly, reveal that fraud has been practiced on plaintiff in the obtaining of the judicial decree herein sought to be annulled. According to these allegations, the note was to be null and void unless the above-mentioned agreement was fully performed, and a condition precedent to its being given was that no action would be taken on it until after the death of plaintiff. Defendant Sparks, under the pleadings, not only abandoned plaintiff, but also brought suit on the note to enforce collection of it during her life. The petition, therefore, states both a cause and a right of action, and the exception was properly overruled.

Counsel for defendant Sparks seriously and earnestly urges that this action of nullity has prescribed pursuant to the provisions of article 613 of the Code of Practice, which are: "When a judgment has been obtained through fraud on the part of the plaintiff, or because the defendant had lost or mislaid the receipt given to him by the plaintiff, the action for annulling such judgment must be brought within the year after the fraud has been discovered, or the receipt found."

He specifically calls our attention to the fact that the instrument sued on was dated May 14, 1932, and contains a confession of judgment, and then argues that the one-year prescriptive period began on that date. The theory underlying this argument is that plaintiff discovered and was aware of the alleged fraud in connection with the judgment when she signed the confession of judgment note and that her inactivity for more than four years thereafter defeated her rights under the premises.

This theory, in the light of the alleged facts in this case, is not in accord with our appreciation of the law. Under the quoted article, prescription against the action of nullity for fraud only runs from the date of discovery of the fraud. Lazarus v. McGuirk, supra, cited with approval in concurring opinion in Succession of Williams, 168 La. 1, 2, 121 So. 171. According to the facts alleged herein, there was no fraud with reference to plaintiff's giving and signing the note. The execu-

tion of that instrument was in keeping with the general understanding and arrangement of the parties concerned. But the arrangement contemplated that it was not to be presented for collection until after her death, and then to the estate. Therefore the fraud perpetrated on plaintiff did not occur until suit No. 8407 was filed on the note, and the executory judgment was therein rendered, in violation of the agreement. If the suit had not been filed during the lifetime of plaintiff, and the judgment obtained, the fraud herein charged and this action would not have resulted. Mrs. Hanson did not discover that such legal proceedings had been instituted until the writ of fieri facias issued on the judgment on June 20, 1936. This discovery date was within one year prior to the filing of this suit. The overruling of the plea of prescription was proper.

The judgment of the trial court is therefore affirmed, and the case is remanded for further proceedings according to law.

The cost of this appeal shall be paid by appellant T. M. Sparks, while other costs shall await the final disposition of the case.

DREW, J., recused.