Appellant did not file an application for rehearing within the time limit as fixed by the Constitution of this State. See Sec. 24, Art. 7, Constitution of 1921. After the period had expired, his counsel filed a motion for an extension of time in which to present an application. This motion was promptly opposed by counsel for the appellee.
The motion for extension of time is now renewed through an attorney other than the one who previously conducted the case. In a motion requesting that the present attorney be entered of record as chief counsel, it is stated that former counsel "desires to relinquish responsibility for the further conduct of this cause as such for the reason that features of the Court's opinion rendered herein on March 5, 1945 make it inconsistent with proper decorum and with counsel's ethical conceptions that he should continue as counsel of record, except in a nominal capacity, * * *."
We cannot understand how counsel can take exception to anything that is stated in the opinion referred to. He raised a proper legal objection to the admission of certain testimony which was excluded from the record. The opinion merely recites what transpired as appears from the record and reflects the impression that was created in the mind of the court. Certainly it bears no allusion to any impropriety on the part of counsel.
If by no other means we can do so, we hope by this per curiam to give counsel every assurance that it was never intended, in the least, to reflect in any manner on his integrity and ability and on the contrary will state that the record bears evidence of the zeal and earnestness with which he handled his client's case.
It is impossible however for us to consider the motion for extension of time in which to file an application for rehearing as under the provision of the State Constitution already referred to, judgments rendered by this court become final and executory on the fifteenth calendar day after rendition. If the application is not filed in time the court is powerless to grant additional delay in which to file it. Gauthreaux v. Harang, 190 La. 1060, 183 So. 349.
Therefore the motion cannot be considered. *Page 136