FOURNET, Justice.
 

 . This is an action by the defendants in the case styled Crawford, Jenkins & Booth, .Inc., v. Wills et al., 189 La. 366, 179 So. 455, to have the judgment therein rendered maintaining the title of the plaintiffs in that cause to the property in controversy annulled and set aside and it is a sequel to the case of Adkins’ Heirs v. Crawford, Jenkins & Booth, Inc., et al., 200 La. 561, 8 So.2d 539, wherein we reversed the judgment of the lower court dismissing the suit on exceptions of no cause and no right of action and remanded the case for trial .on the merits. It is now before us after such trial on an appeal taken by the plaintiff John E. Wills from the judgment dismissing the suit, the matter having been compromised as to all of the other plaintiffs.
 

 After the case was lodged here, the appellees filed a plea of prescription of one year under Article 613 of the Code of Practice, contending the suit was filed more than a year after the judgment sought to be annulled became final without proper showing having been made that the fraud alleged as one of the grounds for such annulment was discovered .less than a year prior to the institution of the suit.
 

 The bases for the action as originally drawn were (1) that the court was without jurisdiction to render judgment against any of the plaintiffs with the exception of'
 
 *49
 
 John E. Wills, and (2) that the judgment was obtained through fraud and ill practices because (a) it was secured by the false testimony of one of the witnesses for the plaintiff and (b) the tax deed forming the basis of the decision in favor of the plaintiff was invalid for it was a simulation and for the further reason that the taxes for the collection of which the same was made had been paid on a part of the property by a third party.
 

 The plaintiffs who urged that the court was without jurisdiction to render the judgment complained of having compromised their case, and the plaintiff John E. Wills having failed to offer any evidence in support of the charge that the judgment was obtained through the bribery of a witness, these two basic allegations pass from the case, leaving for our determination the alleged nullity of the tax sale as the sole basis for setting aside the judgment.
 

 It is the contention of plaintiff Wills that the tax sale for taxes due on the property under the 1909 assessments that the sheriff of Webster parish made in 1910 to L. C. Biggs — the twenty-two year old son of the tax debtor who had no visible means of support other than such as was given him by his father — and the subsequent deeding of this property to William T. Crawford by Biggs for the benefit of Crawford, Jenkins & Booth, Ltd., and in satisfaction of his father’s debt to that company, was ostensibly a pure simulation, made pursuant to a scheme to divest the real owners of their title to the property, rendering such deed spurious and absolutely null, with the result that the court was deceived when this deed was used as the basis for the judgment in the former suit and an injustice was thus perpetrated on the plaintiff, bringing the case within the province of those causes for which a judgment may be set aside as enunciated in the Code of Practice and the jurisprudence thereunder.
 

 It is the settled jurisprudence of this court that: “In a petitory action, the defendant is bound to plead all the titles under which he claims to be owner, and a final judgment rendered in favor of the plaintiff may be pleaded as res judicata against any title which the defendant was possessed of at the time, but omitted to plead.” Shaffer v. Scuddy, 14 La.Ann. 575. See, also, Howcott v. Petit, 106 La. 530, 31 So. 61; Lindquist v. Maurepas Land & Lumber Co., Ltd., 112 La. 1030, 36 So. 843; Gajan v. Patout & Burguieres, 135 La. 156, 65 So. 17; Succession of Whitner, 165 La. 769, 116 So. 180; Pitts v. Neugent, 187 La. 694, 175 So. 460; and Himel v. Connely, 195 La. 769, 197 So. 424. And a definitive judgment may be annulled, except for those defects of form prescribed in Article 606 of the Code of Practice, only in those cases
 
 “where it appears that it has been obtained through fraud, or other ill practices on the part of the party in whose favor it was rendered
 
 * * Article 607, providing the action is brought within a year after the rraud -or other ill practice is discovered. Article 613. See, Succession of Dauphin, 112 La. 103, 36 So.
 
 *51
 
 287; Citizens’ Bank v. Jeansonne, 120 La. 393, 45 So. 367; Succession of Carter, 149 La. 189, 80 So. 788; and Terry v. Womack, 206 La. 1069, 20 So.2d 365. (Italics ours.)
 

 There is no allegation in the petition or proof that the plaintiff in the former case, the defendant here, ever perpetrated any fraud or other ill practice in procuring the judgment sought to be set aside. In fact, it is conceded by the plaintiff in this case that the plaintiff in the former case had no knowledge of the alleged scheme existing between the father and son to deprive rightful owners of their property through the machination of a simulated tax sale. It therefore follows that the plaintiff is without right to urge this ground as a cause of action in this suit to have the former judgment set aside. Consequently, the authorities relied on by him to support this premise are not pertinent under these facts.
 

 The other alleged cause urged as a ground for setting aside the former judgment, that is, the invalidity of the tax sale because the taxes for the collection of which the sale was made had been made on a part of the property by a third party, does not come within the category of the grounds for which a judgment may be set aside; consequently, to this extent plaintiff’s petition fails to allege a cause of action.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., does not take part.