The plaintiff filed a suit against the defendant company in January, 1944, for compensation on account of disability resulting from a hernia which he claims to have sustained while in the employ of the defendant. The case was put at issue, and a judgment was rendered in favor of the defendant, rejecting plaintiff's demands, for the reason that the evidence failed to show that plaintiff sustained the hernia in the course of his employment. The *Page 63 
case was appealed to this court, and the judgment was affirmed in March, 1945. 21 So.2d 93; 22 So.2d 135.
After the judgment of this court had become final, the plaintiff filed the present suit asking for the nullity of the judgment which rejected his claim on the ground that said judgment was rendered against him on account of the perjured testimony of a witness for the defendant, Victor Alexander, who plaintiff alleges was a principal witness for the defendant and on whose testimony the judgment was largely based.
The respects in which it is alleged that Alexander swore falsely were as follows: That said witness swore on the trial of the case that he and about 13 other men were picking up steel; that the metal consisted of one sheet of steel and one piece of angle iron, and that the last piece handled and the one that was the occasion of the alleged injury was the angle iron, whereas, in truth and in fact it consisted entirely of two heavy sheets of steel and nothing else; that said witness testified that there were about 15 men engaged in handling the steel and a month thereafter none of them were in the employ of defendant, and that he did not know the names of these men or their whereabouts, whereas, he well knew several of these men (whose names are given), and these men were still working for the defendant company, to the knowledge of said witness Alexander, and that he so swore in order to keep said men from being summoned as witnesses in the case.
It is further alleged that said Alexander testified that he was of the Catholic faith, when as a matter of fact he was not; that said witness swore falsely to the effect that plaintiff had approached him some two weeks before the alleged accident and had asked him to swear to a "fake" accident for plaintiff, which the witness refused to do. An affidavit of one Nelson Ellis is annexed to plaintiff's petition, which affidavit sets forth facts which tend to impeach the testimony of Alexander regarding some of the alleged facts to which it is claimed Alexander testified falsely.
The defendant filed an exception to the jurisdiction of the district court, ratione materiae, and an exception of no cause or right of action. Both of these exceptions were sustained by the court below, and plaintiff's action to annul the judgment was dismissed. Plaintiff has appealed.
The exception to the jurisdiction is based on the ground that the judgment rendered by this court affirming the judgment of dismissal in the district court in the first suit is a judgment of this court, and the district court has no jurisdiction to annul a judgment of an appellate court.
We have given considerable study to the question presented by the exception to the jurisdiction of the district court to annul a judgment of that court and which judgment was affirmed by this court. We find that the decisions have left the question in a rather anomalous situation. When we read the opinions in the cases of Melanton's Heirs v. Broussard et al.,2 La. 8, and Succession of Martin v. Succession of Hoggatt, 37 La. Ann. 340 (and some others), we are told in the most positive and emphatic language that a district court cannot entertain jurisdiction to annul a judgment of an appellate court, and then we read the case of Walker v. Barelli, 32 La. Ann. 1159 (and some other cases), and find that an appellate court cannot entertain original jurisdiction to annul one of its judgments. From this situation, it seems that no proceeding could be brought to annul a judgment which has been affirmed or reversed by an appellate court. While we have our own opinion on the question, we do not deem it necessary to base our judgment on the exception to the jurisdiction of the district court, as we are certain that the exeception of no cause and no right of action was properly maintained by the trial court.
It is conceded that the present action is an attempt to annul a judgment for relative nullities under the provisions of Article 607 of the Code of Practice, which article permits a definitive judgment to be annulled for fraud or other ill practices on the part of the party in whose favor the judgment was rendered. In our opinion, the petition for nullity of the judgment in this case fails to state a cause or right of action for two reasons. *Page 64 
[1] In the first place, there is no allegation in the petition that the ill practices complained of were procured by the defendant or that it participated in or had any knowledge of the alleged false swearing of the witness whose testimony is alleged to have been false. The abovementioned article of the Code of Practice giving the right to annul a judgment contemplates that the party in whose favor the judgment was rendered in some way participated in the fraud or ill practices, or at least that he knew of it and condoned the fraud or ill practices which inured to his advantage. Adkins' Heirs v. Crawford, Jenkins Booth, Limited, et al.,209 La. 46, 24 So.2d 246.
[2] To permit a judgment to be annulled after it has become final because of the false testimony of a witness without the procurement of the party in whose favor the judgment was rendered would render all final judgments liable to attack on this ground and there would be no certainty as to when the litigation would terminate. There is a good reason for providing for the action of nullity where the party who obtains the judgment is guilty of fraud or ill practices, as it would be unconscionable and inequitable to permit such party to profit by his own fraud and wrongdoing.
[3, 4] In the second place, the only effect of the testimony which could be offered under the allegations of the petition would be to impeach the witness Alexander. It is well settled that, as a general rule, a new trial will not be granted where the nature of the newly discovered evidence merely tends to impeach a witness who testified on the former trial. The alleged false testimony of Alexander was on collateral matters, and any evidence offered under the petition in support of its allegations could at best only affect the credibility of the witness Alexander. Judgments would be too insecure and uncertain if they were subject to annulment under such circumstances.
For the reasons assigned, the judgment which sustained the exception of no right or cause of action and dismissed plaintiff's suit is hereby affirmed.