LOTTINGER, Judge.
This is a suit wherein the plaintiff seeks judgment declaring null and void the judgment rendered by the Nineteenth Judicial District Court, for the Parish of East Baton Rouge, in the matter entitled Montegut v. Louisiana State Board of Dentistry bearing Civil Docket No. 33,371 of said court. The present suit is between the same parties as the prior suit and bears civil docket No. 40,466 of the lower court. The previous matter was decided adversely to the plaintiff and that judgment was affirmed by us on appeal. See Montegut v. Louisiana State Board of Dentistry, La.App., 55 So. 2d 58.
The defendant filed several exceptions, among which were those of no right or *635 cause of action, res judicata and estoppel. The lower court sustained the exception of no right or cause of action and plaintiff has appealed.
Counsel for plaintiff has filed in this court, a motion to recuse which reads as follows:
“The motion of Ferdinand J. Monte-gut, plaintiff and appellant, in the above and foregoing appeal, respectfully shows:
“That this Honorable Court has already, during 1952, decided the entire controversy herein again tendered for adjudication by this court, in the suit with the same title, but bearing the number 33,371; that while other issues were therein decided by the court, those issues also therein decided, involving the constitutionality and legality of the judgment rendered by the lower court, though decided by the court, was not before this Honorable Court in that proceeding, for the reason that such issues as the nullity of the judgment had not been appealed to this court from the lower court, by a considerable jurisprudence of the Supreme Court.
“That under the circumstances heretofore referred to, this Honorable Court, at the time of the rendition of its said judgment upon the constitutionality and legality of said judgment, had not jurisdiction of the same; nor could jurisdiction be conferred upon the court, by the consent of the parties.
“Wherefore, your appearer shows that this motion to recuse, be fixed for trial, instead of the instant case, on appeal; and that on the trial hereof, this court appoint and qualify other judges to try the same on this appeal; and for general relief.”
As we understand counsel’s position, based on the above-quoted motion, his brief in support thereof, and his oral argument, Judge Ellis and the writer of this opinion should be recused as we have already performed a judicial function in the case. We are further given to understand that it is counsel’s position that the motion be not passed upon by us, but that we appoint two lawyers who, together with Judge Cava-naugh, would rule upon the matter.
We do not find either of counsel’s contentions well founded. In the first place it will be noted that the sole reason set forth for recusing ourselves, as expressed in his brief, is that we have performed a “judicial act”. C.P. Art. 338, which sets forth the grounds for recusation, specifically states “having performed any judicial act in the cause in any other court.” (Emphasis supplied.) Neither of us has acted in this matter in' any other court nor has counsel even alleged that we have.
The question is also presented as to our power to pass upon the motion. That question, we think, is effectively answered by the holding of our Supreme Court in the case of State of Louisiana v. Chantlain, 42 La.Ann. 718, 7 So. 669, which state.s very emphatically that the judge sought to be recused shall pass upon the question himself where the grounds set forth, even if admitted to be true, set forth no legal ground for recusation. That is certainly the case here and the motion is therefore overruled.
The trial judge in sustaining the exceptions of no right and no cause of action handed down written reasons therefor which are as follows:
“On September 22, 1949, this plaintiff brought this same suit against this same defendant in this same court in proceeding No. 33,371, of the court’s docket. After due trial and on appeal there was a final judgment rendered on November 15, 1951, in favor of the defendant, dismissing plaintiff’s suit. Rehearing was refused on December 20, 1951.
“On November 30, 1951, the plaintiff brought what he termed as ‘an action of nullity of judgment’. This action is against the same defendant. To the petition and two supplemental *636 petitions the defendant has filed exceptions of no right and no cause of action, and in the alternative a plea of lis pendens and further in the alternative a plea of res judicata and further in the alternative a plea of estoppel.
“Since this suit was filed, the judgment in the first proceeding has become final and therefore the plea of lis pendens is now a moot question.
“I find nothing new in the petitions filed in this suit when compared to the allegations in the original suit, No. 33,371. The articles are in somewhat different order and form, but the issues presented are essentially the same. If this suit can be maintained there would be no way to end litigation on a given subject.
“The plaintiff herein has failed to meet the requirements of Article 607 of the Code of Practice wherein it is provided that a judgment may be annulled on grounds of fraud and ill practice. Counsel for plaintiff in his argument contends that the court was guilty of ‘ill practice’ when the court failed to give proper consideration to some of the issues which counsel believes his suit required to be decided. Counsel’s petitions do not make any allegations or claims of fraud or ill practice on the part of the defendant, and it is made clear in Vinson v. Picolo, La.App., 15 So.2d 778, that the fraud and ill practice referred to in the article of the Code of Practice above mentioned pertains to one of the litigants and not to the court. See also Clark v. Delta Tank Manufacturing Company, Inc., La.App., 28 So.2d 62.
“In order to maintain an action of nullity of judgment the facts constituting the alleged fraud or ill practice must be specifically set out.in the petition. Moss v. Drost, 130 La. 285, 57 So. 929; Stott v. Talbert, 2 La.App. 472; Clark v. Delta Tank Mfg. Co., Inc., 28 So.2d 62.
“For these reasons the exceptions of no. cause and.no right of action are maintained and plaintiff’s suit is dismissed at his cost, and judgment will be signed accordingly.”
The plaintiff in this suit has filed an original and two supplemental petitions setting forth the alleged grounds why the judgment complained of should be annulled. These allegations are lengthy and to repeat them here would serve no useful purpose. We think it sufficient to state that nowhere in the petitions do we find any allegations which set forth a cause of action under C.P. Art. 607. We agree; with the trial judge that no fraud or ill practices have been set forth within the meaning of that article and the decisions thereunder.
Finding the judgment appealed from to be correct, the same is hereby affirmed.
Judgment affirmed.