76 So.2d 521

John J. ACCARDO

v.

Louis B. DIMICELI.

No. 41459.

Nov. 8, 1954.

Rehearing Denied Dec. 13, 1954.

fect the partition, it being adjudicated to defendant as the highest bidder for $250.

Shortly after the sale, plaintiff instituted the present suit in which he seeks the nullity of the partition judgment and the sale thereunder on three grounds:[1] (A) that the appraisers appointed by the court did not take the oath required by law; (B) that the attorney representing him at the time of the partition sale requested that the auctioneer notify him of the time and place of the sale and that said auctioneer failed to do so and (C) that the appraisers did not file an inventory or make any valuation of the property before it was ordered to be sold.

The trial judge sustained an exception of no cause of action which defendant filed to the petition and dismissed the suit. Plaintiff then appealed to the Court of Appeal for the First Circuit but that court refused to hear the case because of an allegation in the petition that the property is valued at $9,000, a sum far in excess of its appellate jurisdiction. It accordingly transferred the appeal here. See 66 So.2d 348.

Philip E. Pfeffer, Covington, for plaintiff-appellant.

Louis M. Jones and Sidney W. Provensal, Jr., New Orleans, for defendant-appellee.

McCALEB, Justice.

Plaintiff and defendant were co-owners of a parcel of improved property situated in St. Tammany Parish. In March of 1952, defendant filed a suit for a partition by licitation and, in due course, obtained a judgment by default ordering the requested relief. In accordance therewith, the property was duly advertised and sold to ef-

We think that the trial judge properly sustained the exception, as none of the grounds for nullity urged by plaintiff appears to be tenable. An examination of the record in the partition proceeding reveals that plaintiff was duly cited and that, upon

1. Plaintiff makes other charges in his petition which we consider inconsequential. They need not be discussed as they have apparently been abandoned by counsel, who neither urges nor discusses them in brief or oral argument as bases for the nullity of the judgment.

his failure to appear within the time prescribed by law, a preliminary default judgment was taken and confirmed following the expiration of the legal delays. It also shows that the judgment of partition was entered only after the introduction of proof and there is a notation in the preamble of the judgment to this effect.

■ The nullity of definitive judgments may be obtained under our law for vices of form in the proceeding and for those pertaining to the merits of the cause. Article 605, Code of Practice. Article 606 sets forth the vices of form for which a judgment may be annulled.[2] These causes for nullity are exclusive; no other "vice of form" will serve as a basis for an action to annul. Blanck v. Speckman, 23 La. Ann. 146; Payne & Joubert v. Schaeffer-Gaiennie Co., 119 La. 382, 44 So. 134; Tarver v. Quinn, 149 La. 368, 89 So. 216 and Adkins' Heirs v. Crawford, Jenkins & Booth, 209 La. 46, 24 So.2d 246.

■ On the other hand, Article 607 of the Code of Practice, which appertains to annulment on the merits for fraud or other ill practices, is of very broad scope and has been construed in Succession of Gilmore, 157 La. 130, 102 So. 94, 95, to au-

thorize the avoidance of any judgment when it appears that its enforcement "would be unconscientious and inequitable". But, as stated in Walsh v. Walsh, 215 La. 1099, 42 So.2d 860, 864, " * * * this does not mean that the action of nullity performs the office of an appeal or that it can be used to set aside a final judgment where there is no showing of mischief or imposition, merely because the judgment was rendered by default".

■■ Applying this law to the case at bar, it becomes immediately evident that plaintiff's complaints are without a legal basis. The neglect of the court appraisers to take the required oath and to value the property are matters which might have been corrected on appeal but are not vices of form affecting the validity of the judgment of partition, as they do not fall within any of the categories specified in Article 606 of the Code of Practice.[3]

■ Nor do these charges, coupled with the other complaint that the auctioneer neglected to notify plaintiff's former counsel of the time and place of the sale, constitute an improper practice or make the judgment so unconscionable as to warrant its annulment under Article 607 of the Code of

---

2. These are (1) disability of the party cast; (2) absence of citation; (3) lack of jurisdiction and (4) irregular default judgment.

3. The contention of plaintiff's counsel that the absence of the appraisers' oath affects the regularity of the default judgment is specious. The fourth paragraph of Article 606, which declares that a defendant may have an annulment when a *regular* judgment by default has not been taken against him, merely means that the judgment must be taken in the manner provided by Code of Practice, Articles 310, 311 and 312.

Practice. We repeat that the action of nullity cannot be employed as a substitute for an appeal and plaintiff's obvious attempt to circumvent this rule must fail.

The judgment is affirmed.

PONDER, J., absent.