266 So.2d 916 (1972)
Donald A. MULLER
v.
MICHEL LECLER INC.
No. 5017.
Court of Appeal of Louisiana, Fourth Circuit.
September 22, 1972.
Von Hoene & Becker, New Orleans (William L. Von Hoene, New Orleans), for defendant-appellee.
Robert B. Evans, Jr., for plaintiff-appellant.
Before LEMMON, STOULIG and BOUTALL, JJ.
LEMMON, Judge.
This is a suit to annul a default judgment allegedly obtained by fraud or ill practice.
Donald A. Muller instituted these proceedings against his former employer, *917 Michel Lecler, Inc., to recover unpaid wages, penalties and attorney's fees pursuant to R.S. 23:631 and 632. The petition was served on December 10, 1970. Lecler's attorney filed a motion requesting an additional 30 days within which to file pleadings, which was granted on December 22, 1970.
On January 28, 1971, shortly after the 30 days had elapsed, a preliminary default was taken, and the default was confirmed on February 2, 1971. When notice of judgment was served, Lecler moved for a new trial and eventually appealed from the default judgment. Lecler also filed the present action to annul that judgment on the grounds that it was obtained by fraud and ill practice, having been procured by Muller's perjured testimony. After a trial on the merits of the nullity action, the trial court rendered a judgment annulling and setting aside the judgment of February 2, 1971, but reserving to the parties the right "to litigate the original demand asserted by the plaintiff." From this judgment of nullity, Muller has perfected this appeal.
Muller contends that the evidence at the nullity trial was insufficient to establish perjury on his part, since he did not testify at the nullity trial nor was there placed in evidence the transcript of his testimony given at the confirmation of the default.
The default judgment in the amount of $5,621.41 was based on the claim itemized in the petition as follows:

Wages for 12-1-69 to 12-10-69 $ 375.03
Wages for 6-16-70 to 6-24-70 375.03
Wages for 6-25-70 to 7-10-70 625.05
Penalty90 days wages 3,750.30
Attorney's fees 500.00

At the nullity trial Lecler introduced cancelled checks for Muller's entire period of employment, which established that his wages for the first period had been paid. Lecler admitted that wages for the second period had not been paid, but produced evidence that payroll tax deductions and expense advances amounted to more than the gross wages for that period. Finally, Lecler's representatives testified that no wages for the third period were due because Muller had been discharged on June 24 and performed no services thereafter. Documentary evidence established that Muller had been informed shortly after his termination of Lecler's position on the salary account settlement and that Lecler's attorney had written to Muller's attorney, offering to review the records with a C.P.A. of Muller's choice.
In addition to presenting the above evidence, counsel for Lecler called Muller to testify, but he was not present in the courtroom. Counsel further sought to hold the nullity trial open in order to introduce the transcript of the testimony from the default judgment proceedings, which had not yet been prepared by the court reporter. The trial judge observed that Muller's testimony in confirming the default was obviously contradictory to the evidence presented at the nullity hearing and decided that it was not necessary to hold the trial open. Shortly after taking the matter under advisement, the judge ruled to annul the default judgment.
A trial court has wide discretion in determining whether a judgment should be annulled because of fraud and ill practice. Hanson v. Haynes, 170 So. 257 (La.App. 2nd Cir. 1936). Ill practice is a broad term. It is certainly an ill practice for a claimant to present evidence that wages are unpaid if he actually received payment. The trial judge in this case was apparently satisfied that Muller could not have obtained the default judgment without giving incorrect or false information in his testimony, particularly when he testified that he was not paid for the December period, his first nine days of employment. Additionally, Muller knew when he testified at the confirmation of the default that part of his claim had been paid and that Lecler had a substantial defense to the balance of his claim and had retained counsel to assert this defense.
*918 Admittedly, a judgment should not be annulled under ordinary circumstances simply because there was lack of diligent presentation of a valid defense which could have been pleaded before judgment. However, as stated by the Supreme Court in Succession of Gilmore, 157 La. 130, 102 So. 94 (1924):
"The courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show that deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable."
This rationale has since been followed in numerous cases, including St. Mary v. St. Mary, 175 So.2d 893 (La.App. 3rd Cir. 1965); Hall v. Hall, 127 So.2d 347 (La. App. 2nd Cir. 1961); Alonso v. Bowers, 222 La. 1093, 64 So.2d 443 (1953); and Bell v. Holdcraft, 196 So. 379 (La.App. 2nd Cir. 1940).
Courts have carefully scrutinized default judgments taken without notice after the defendant had filed pleadings in the record. For example, in Bell v. Holdcraft, supra, defendant's attorney filed an exception of prescription in a suit to recover the price of goods sold by the plaintiff. After the exception was overruled and a judgment taken by default, defendant's property was seized. On appeal defendant produced the bills, which were marked "paid". The court remanded the case for trial, observing that it would be a miscarriage of justice to require defendant to pay the bill twice, while plaintiff can merely suffer a minor delay in collection.
The harm and loss of rights which can be suffered by the respective parties in this case present an even greater contrast. If the corporation actually has a valid defense of payment, enforcement of the default judgment would require it not only to pay Muller's wages twice, but also to pay penalties and attorney's fee more than triple the amount of the claim. On the other hand, if Muller prevails after a contested trial on the merits, he will have suffered only a delay in collecting his wages.
The trial judge in effect returned the parties to the position that they occupied before the disputed default judgment was rendered. Under the facts and circumstances of this particular case, we cannot conclude that the trial judge committed manifest error in determining that the judgment was obtained by ill practice, and we concur with the trial judge's conclusion that enforcement of the judgment would be unconscionable and inequitable.
The judgment is affirmed.
Affirmed.