578 So.2d 220 (1991)
FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF NEW IBERIA, Plaintiff-Appellee,
v.
Timothy STANLEY, et ux., Defendants-Appellants.
No. 89-1162.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1991.
As Amended on Grant of Rehearing May 14, 1991.
S. Gerald Simon, New Iberia, for plaintiff-appellee.
Craig Hattier, Harahan, for intervenorappellant Carrol Pontiff.
Timothy and Annette Stanley, pro. per.
Before GUIDRY, FORET and YELVERTON, JJ.
GUIDRY, Judge.
This is an appeal by defendants, Timothy James Stanley and Annette Pontiff Stanley (the Stanleys), and intervenor, Carrol James Pontiff (intervenor or Pontiff), from summary judgments granted in favor of plaintiff, First Federal Savings & Loan Association of New Iberia (First Federal).[1]

FACTS
On December 11, 1985, the Stanleys granted a mortgage to First Federal. On May 29, 1986, Carrol J. Pontiff, Mrs. Stanley's father, filed a labor/materials lien for construction work allegedly done on the mortgaged property. On November 19, 1986, First Federal foreclosed on its mortgage by executory process, but Mr. Stanley's initiation of voluntary bankruptcy proceedings stayed the proceedings. The bankruptcy proceedings were ultimately dismissed.
On June 15, 1987, Pontiff intervened in First Federal's suit against the Stanleys asserting that his lien primed First Federal's mortgage. First Federal answered the intervention alleging that the lien was legally invalid. The Stanleys' answered admitting their indebtedness to intervenor. Thereafter, Pontiff was granted a default judgment against the Stanleys for the acknowledged sum. On February 19, 1988, First Federal converted its suit to ordinary proceedings. First Federal filed a motion for summary judgment seeking a money judgment against the Stanleys and recognition of its mortgage. First Federal also motioned for summary judgment against intervenor seeking to have his lien declared *221 invalid or, in the alternative, inferior to its mortgage. The trial court granted summary judgments as prayed for. The Stanleys and Pontiff appealed.

INTERVENOR'S APPEAL
On December 7, 1988, First Federal filed a motion for summary judgment, in the form of a "rule to show cause", seeking judgment declaring intervenor's lien to be legally invalid and/or inferior in rank to its mortgage. Notice of the filing of this motion, together with a copy thereof, was mailed by First Federal's counsel to intervenor's counsel of record. The rule to show cause fixed January 10, 1989 as the date for a hearing on the motion. On December 7, 1988, the clerk of court mailed notice of the hearing date to intervenor's counsel. Neither intervenor nor his counsel appeared at the hearing. Summary judgment was granted in favor of First Federal.
Upon receiving notice of the judgment, intervenor's counsel immediately wrote the trial judge objecting to the judgment's validity for lack of citation and service of process upon either intervenor or his counsel. In a minute entry of January 27, 1989, the trial judge considered the objection set forth in counsel's letter and overruled same concluding that the motion was properly served pursuant to La.C.C.P. art. 1313 and that, pursuant to La.C.C.P. arts. 1201 and 2592,[2] citation and service of process were not required. The trial judge also noted that the proper time to raise an objection to the sufficiency of service is prior to the hearing.
Intervenor's subsequent motion for a new trial was denied. Intervenor then filed this appeal.

STANLEYS' APPEAL
On June 16, 1989, First Federal filed a motion for summary judgment, in the form of a "rule to show cause", against the Stanleys. A copy of the motion, which required the Stanleys to show cause on August 28, 1989, was mailed by First Federal's counsel to the Stanleys. On June 28, 1989, the clerk of court mailed notice of the scheduled hearing date to the Stanleys. Additionally, several attempts were made to personally serve the Stanleys. The Stanleys deny that they ever received the notices allegedly mailed by First Federal's counsel or the clerk of court. The Stanleys made no appearance on August 28, 1989 and judgment was rendered in favor of First Federal. Defendants filed a motion for a new trial objecting to the judgment's legality for lack of citation and service of process. This motion was denied and the Stanleys appealed.

APPELLANTS' CONTENTIONS
The Stanleys base their appeal on three contentions: (1) a pre-trial order dated April 14, 1989 contained unagreed to stipulations concerning a waiver of service; (2) the clerk of court failed to comply with defendants' request for notice pursuant to La.C.C.P. art. 1572; and, (3) the August 28, 1989 judgment is null for want of proper service.
Pontiff contends that: (1) the January 10, 1989 judgment lacked sufficient evidence to support the mover's allegations; (2) the January 10, 1989 judgment is null for lack of proper service; and, (3) intervenor has been denied constitutional due process because of improper service.

THE SERVICE ISSUE
We first consider appellants' contention that the judgments at issue were not preceded by proper service of process and are therefore absolutely null under La.C.C.P. art. 2002.
*222 A motion for summary judgment is a summary proceeding. La.C.C.P. art. 2592. Summary proceedings are those which are conducted with rapidity within the delays allowed by the court and without citation and the observance of all the formalities required in ordinary proceedings. La.C. C.P. art. 2591. Summary proceedings may be commenced by filing a contradictory motion or by a rule to show cause. La.C.C.P. art. 2593. Citation and service thereof are not necessary however, service of the contradictory motion or rule to show cause on the adverse party is mandatory. La.C.C.P. arts. 963, 966 and 2594.
The rule to show cause is a contradictory motion however, all contradictory motions are not in the form of a rule to show cause. The official revision comments to La.C.C.P. art. 963 describe the two types of contradictory motions as follows:
"(b) Contradictory motions are of two types. Usually, they are in the form of a `rule to show cause', which is a hybrid pleading commencing with a written, ex parte motion by a party through counsel, suggesting the need or desirability of granting certain relief to mover, at the bottom of which is a blank order to be signed by the judge, requiring the adverse party to show cause at a designated time why mover should not be granted the suggested relief. This pleading is filed in court, presented to the judge in due course, and if the judge considers that the rule should be tried, he signs the order and fills in the appropriate blank to designate the time at which it should be tried. This combined motion and order is then served on the adverse party. See McMahon, Summary Procedure: A Comparative Study, 31 Tul.L.Rev. 573, 586, n. 50 (1957); and McMahon 525. Cf. former R.S. 13:3601(4).
Less frequently, the contradictory motion is in the form of that used in federal practicea written motion filed in court suggesting the need or desirability of granting certain relief to mover, with a copy thereof served on the adverse party prior to a filing of the original in court. Subsequently, if the court considers that the motion should be heard, it assigns a time for the hearing, and has both parties notified thereof.
Under this article, either form of the contradictory motion may be used, at the option of the mover."
The precise issue for resolution is what form of service was required of the contradictory motions at issue in this case.
La.C.C.P. arts. 963, 966 and 2594 mandate service of the contradictory motion but do not specify the type of service. Because no special provisions govern service of process in a summary proceeding, ordinary service provisions should apply. La. Civil Procedure, L' Enfant, Jr., 43 L.L. Rev. 491 (1982). The La.Code of Civil Procedure provides that all pleadings subsequent to the original petition shall be served on the adverse party as provided by La.C.C.P. arts. 1313 and 1314.
Article 1313 reads as follows:
"A pleading which requires no appearance or answer, or which under an express provision of law may be served as provided in this article, may be served either by the sheriff or by:
(1) Mailing a copy thereof to the adverse party at his last known address, or to his counsel of record, this service being complete upon mailing;
(2) Delivering a copy thereof to the adverse party, or to his counsel of record; or
(3) Delivering a copy thereof to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
When service is made by mail or delivery, the party or counsel making the service shall file in the record a certificate of the manner in which service was made."
Article 1314 reads as follows:
"A pleading which is required to be served, but which may not be mailed or delivered under Article 1313, shall be served by the sheriff, either on the adverse party in any manner permitted under Articles 1231 through 1265, or personally on the counsel of record of the adverse party.
Personal service on a partner or office associate of a counsel of record, in the *223 office of such counsel of record shall constitute valid service under this article."
Ordinarily, an answer to a summary proceeding is not mandated. La.C.C.P. art. 2593. However, a motion for summary judgment, in the form of a rule to show cause, is a contradictory motion which commands a party to appear and show cause why the relief prayed for should not be granted. Citation in an ordinary proceeding commands the party to "comply with the demand contained in the petition or make an appearance, either by filing a pleading ... in the court issuing the citation within the delay provided in Article 1001 [15 days] under penalty of default". La.C.C.P. 1202.
Although we readily acknowledge that the type of answer commanded by a citation is not required in a summary proceeding, a contradictory motion, in the form of a rule to show cause, clearly requires some form of response, answer or appearance in default of which a final judgment can be granted. Therefore, we conclude that a motion for summary judgment in the form of a rule to show cause requires service pursuant to La.C.C.P. art. 1314. Our conclusion in this regard coincides with that of our brethren of the Fourth Circuit who, in Normand Company v. Abraham, 176 So.2d 178, 181 (La.App. 4th Cir.1965), stated:
"A motion for summary judgment is intended to be a contradictory proceeding with hearing on the day fixed by the court. Villavasso v. Lincoln Beach Corporation, 146 So.2d 7 (La.App. 4th Cir.1962). A judgment sustaining a motion for summary judgment has all the finality of a judgment rendered after trial. LSA-C.C.P. art. 968; Beckham v. Hartford Accident & Indemnity Company, 137 So.2d 99 (La.App. 3rd Cir. 1962). Furthermore, the order of the court, being a part of the motion for summary judgment, ordered the defendants to show cause on a fixed day "why summary judgment should not be rendered in favor of plaintiff as prayed for". There is no question in our opinion that the motion required an appearance or answer in the same sense that the original petition does, and therefore service by mailing under Article 1313 was not authorized."
See also Service of Pleadings, 27 LLR 543.
In this case, neither the Stanleys, intervenor Pontiff, nor the latter's counsel were present at either hearing and none were served with process pursuant to La.C.C.P. art. 1314. Therefore, the judgments having been rendered against adverse parties who were not served with process as required by law and who made no appearance are absolutely null. La.C.C.P. art. 2002. Our decision in this regard renders appellants' other assignments of error moot.
For these reasons, the judgments of the trial court are reversed and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to Resolution Trust Corporation as Receiver of First Federal Savings & Loan Association of New Iberia. Costs at the trial level are to await a final determination of this matter.
REVERSED AND REMANDED.
NOTES
[1] Resolution Trust Corporation as Receiver of First Federal Savings & Loan Association of New Iberia was substituted as the plaintiff and appellee in this matter on February 11, 1991.
[2] La.C.C.P. art. 1201 states:

"Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null.
The defendant may expressly waive citation and service thereof by any written waiver made part of the record."
La.C.C.P. art. 2592 states in pertinent part:
"Summary proceedings may be used for trial or disposition of the following matters only:
. . . . . (3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause."