11 GREMILLION, Judge.
Frank deGraauw, Robert deGraauw, and David deGraauw, both as defendants and as plamtiffs-in-reeonvention, along with Lafitte Supermarket, Inc. and F & R Enterprises, appeal the judgment of the trial court in favor of the plaintiff and defendant-in-recon-vention, the City of Abbeville, and denying their reeonventional demands. For the reasons which follow, we reverse the trial court’s judgment.
FACTS
Lafitte Supermarket, Inc., a Louisiana corporation, was incorporated in 1988 and was a retail grocery operation doing business as a Piggly Wiggly franchise in Abbeville, Louisiana. The shareholders of the corporation were Frank, president, and Robert, secretary/treasurer. Frank and Robert, who are brothers, also conduct ^business as a partnership under the name of F & R Enterprises. Lafitte is just one of a number of busi *623 ness interests owned by them. Lafitte is located in and leases space in the Lafitte Shopping Center, which is owned by F & R Enterprises. David, Frank’s son, is the vice-president, comptroller, and agent for the service of process for Lafitte. He was in charge of the day-to-day operations of Lafitte, and ultimately in charge of supervising the collection and remittance of sales taxes to Abbe-ville.
On December 13, 1991, Abbeville filed a Rule to Enforce Payment of Delinquent Sales Tax in city court due to Lafitte’s failure to remit sales taxes. The rule sought to have Lafitte ordered to cease operations along with payment of the taxes, interest, penalties, and attorney’s fees. David, as Lafitte’s agent for the service of process, was personally served with the rule by the Abbeville City Marshal on December 13, 1991. However, prior to the hearing, an agreement was reached between the parties on a repayment schedule. It was agreed that once Lafitte remitted the agreed upon lump sum amount, the rule scheduled for January 29, 1992, would be postponed indefinitely pending adherence to the payment schedule. Lafitte paid $5,220.50 to Abbeville and the scheduled rule was postponed.
On February 24, 1992, the city attorney requested the clerk of court for the city court to refix the previously filed rule. In his letter requesting the refixing, the city attorney failed to request personal service of the refixing. The notice filled out by the clerk contains David’s name but lists no address or a notation that personal service was made on him by the city marshal. The notice reschedules the hearing on the rule for March 18, 1992. The date of the notice was February 26,1992.
At the hearing, the only party present was the city attorney for Abbeville. | .¡Lafitte was unrepresented. The city court issued a judgment ordering Lafitte to immediately cease and desist from the further pursuit of business until the time that it satisfied its sales tax delinquency. The judgment further ordered payment of the delinquent taxes ($7,079.52), along with interest, penalties, and attorney’s fees. A judgment was prepared by the city attorney and signed by the city court on March 18, 1992. Notice of the judgment was personally served on David that same night by the city marshal.
Prior to Abbeville’s suit against Lafitte, Coca-Cola Bottling United, Inc. d/b/a Lafayette Coca-Cola Bottling Company received a judgment on a petition on open account against Lafitte. The judgment, taken in the Fifteenth Judicial District Court, was signed by the trial court on July 30,1991. A writ of fieri facias was issued on March 6, 1992, and notice of the seizure was served on Robert deGraauw on March 19, 1992, whereby the Vermilion Parish Sheriffs Office seized Lafitte’s premises, changed the locks on the doors, and retained the keys. On April 27, 1992, a Motion to Tax Utility Bill as Storage Costs was filed by Coca-Cola and an order was signed by the trial court, ordering Coca-Cola to pay all utility costs of Lafitte from the date of its seizure through the date of the Sheriffs sale. The Coca-Cola seizure was lifted in sometime in early May 1992, the actual date being unapparent from the record.
On April 28, 1992, the city marshal posted signs on Lafitte’s premises stating that the property had been seized. When the Coca-Cola seizure was lifted, the city marshal obtained the keys from the sheriffs office and turned them over to the city attorney, who denied access to the appellants.
|4On May 29,1992, a writ of fieri facias was issued to Abbeville ordering the seizure of all “inventory, supplies, goods, materials, fixtures, and business equipment, including, all items held for re-sale, all money, funds, or others (sic) negotiable instruments” belonging to Lafitte. A garnishment petition was also filed by Abbeville seeking the garnishment of any funds Lafitte had on deposit with the First Commercial Bank of Abbeville.
During this same period of time, Abbeville was seeking payment from Lafitte for its delinquent utility bills and the parties were corresponding on this issue. During the Coco-Cola seizure, Coco-Cola had made arrangements to pay Lafitte’s utility bills as a part of its storage costs. After the Coco-Cola seizure was lifted, Abbeville informed Lafitte that, once again, it would be responsi *624 ble for these costs. On May 15, 1992, the city attorney sent notice to Lafitte that its utility service would be terminated on May 19, 1992. Around July 10, 1992, a fire occurred in the refrigeration units located in Lafitte’s premises. After the fire, David was allowed access to Lafitte’s premises by the city attorney.
Abbeville filed suit in city court on February 4, 1993, seeking to hold Frank, Robert, and David personally liable for the sales and use taxes owed by Lafitte pursuant to La. R.S. 47:1561.1 and 38:2841. The deGraauws answered, denying the allegations set forth in the petition and pleading the affirmative defenses of estoppel, transaction, compensation, and offset. The deGraauws further reconvened against Abbeville, adding as plaintiffs Lafitte and F & R Enterprises, alleging that the March 18, 1992 tax judgment was null and that they were entitled to damages for wrongful seizure. They further alleged that the city had manipulated the utilities to Lafitte’s ^premises and, as a result, the fire occurred, for which they were entitled to damages. Abbeville answered, denying all of the allegations contained within the reeon-ventional demand. On motion of the appellants, the matter was transferred to the Fifteenth Judicial District Court on December 2,1993.
A trial on the merits was held on July Ills, 1995. During the trial, Abbeville submitted peremptory exceptions of no right/no cause of action and/or no interest in the plaintiff to institute the suit, and a peremptory exception of prescription on the nullity of the judgment. These exceptions were accepted by the trial court, to be ruled on at the end of the presentation of evidence. At the close of evidence, the trial court took the matter under advisement. A judgment was issued on November 21, 1995, in which the trial court found Frank, Robert, and David personally liable for the sales taxes in the city court judgment of March 18, 1992. The trial court also sustained Abbeville’s peremptory exceptions of prescription and no right of action. Finally, the trial court dismissed all of the reconventional claims. Upon request of the appellants, the trial court issued written reasons for judgment on May 14, 1996. However, these merely restated the terms of the judgment. The deGraauws, along with Lafitte and F & R Enterprises, suspensively appealed this judgment.
ISSUES
On appeal, the appellants raise four assignments of error. They allege that the trial court erred in finding Frank, Robert, and David personally liable for the sales taxes owed by Lafitte; that the trial court erred in granting Abbeville’s exceptions of prescription and no right of action; and that the trial court erred in dismissing the claims of the plamtiffs-in-reeonvention.
I «NULLITY OF JUDGMENT
As part of their reconventional demand, the appellants claimed that the March 18, 1992 judgment was null and void for lack of service. Appellants rely on La.Code Civ.P. art. 2002(2), which provides that a final judgment shall be annulled if it is rendered:
Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;
An action to annul a judgment under Article 2002 may be brought at any time. Finding merit with this assignment, we reverse the judgment of the trial court.
Article 2594 of the Louisiana Code of Civil Procedure provides that in a summary proceeding a “copy of the contradictory motion, rule to show cause, or other pleading filed by the plaintiff in the proceeding, and of any order of the court assigning the date and hour of the trial thereof, shall be served upon the defendant.” (Emphasis added.) In First Federal Sav. & Loan Ass’n of New Iberia v. Stanley, 578 So.2d 220 (La.App. 3 Cir.1991), the court applied the service provisions found in La.Code Civ.P. arts. 1313 and 1314 to summary proceedings after finding a lack of special provisions governing service of process for those types of proceedings involving a contradictory motion. La.Code Civ.P. art. 1312 states that every pleading subsequent to the original petition shall be served in accordance with Articles 1313 and 1314. Those articles read as follows:
*625 Article 1313:
A pleading which requires no appearance or answer, or which under an express provision of law may be served as provided in this article, may be served either by the sheriff or by:
17(1) Mailing a copy thereof to the adverse party at his last known address, or to his counsel of record, this service being complete upon mailing;
(2) Delivering a copy thereof to the adverse party, or to his counsel of record; or
(3) Delivering a copy thereof to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
When service is made by mail or delivery, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.
Article 1314:
A pleading which is required to be served, but which may not be mailed or delivered under Article 1313, shall be served by the sheriff, either on the adverse party in any maimer permitted under Articles 1231 through 1265, or personally on the counsel of record of the adverse party.
Personal service on a partner or office associate of a counsel of record, in the office of such counsel of record shall constitute valid service under this article.
Since the February 26, 1992 notice was an order of the court assigning the date and hour of the trial, notice was required to be served on the appellants in accordance with La.Code Civ.P. art. 1314. Because David was not personally served with notice of the court’s order refixmg the hearing, the judgment rendered against the Lafitte was absolutely null pursuant to La.Code Civ.P. art. 2002. We find no merit in Abbeville’s argument that Lafitte acquiesced to the judgment, since the record is void of such evidence. La.Code Civ.P. art. 2003. For this reason, the judgment of the city court is reversed.
JgWRONGFUL SEIZURE AND DAMAGES
A party is allowed to recover damages for wrongful seizure pursuant to La.Civ. Code art. 2315. Taylor v. Hancock Bank of Louisiana, 95-0666 (La.App. 1 Cir. 11/9/95); 665 So.2d 5. Abbeville’s seizure was premised on an absolutely null judgment, therefore, the seizure was wrongful. We find no merit with Abbeville’s argument that it never seized Lafitte’s premises. Abbeville sought its judgment pursuant to Section 17-146 of its Municipal Ordinances. That ordinance only allowed Abbeville to obtain an order prohibiting Lafitte from the further pursuit of business until it satisfied its tax obligations. In this case, Lafitte had already ceased doing business and there was no indication that it was going to resume its operation. Thus, Lafitte was in compliance with the cease and desist order. When Abbeville obtained the keys to Lafitte’s premises, posted seizure signs, and refused access to the appellants, it went beyond the authority of Section 17-146.
The appellants are entitled to damages for wrongful seizure and for determination on the issue of damages arising as a consequence of the seizure, i.e. the fire. These damages can include compensation for embarrassment, humiliation, mental anguish, and worry. However, after reviewing the record, we find that there is insufficient evidence in the record for a determination on this issue. We remand the matter to the trial court for findings consistent with our opinion and for a determination of whether Abbeville is responsible for damages resulting from the fire.
EXCEPTION OF NO RIGHT OF ACTION
In their third assignment of error, the appellants argue that the trial court 19erred in granting Abbeville’s peremptory exception of no right of action with regards to F & R Enterprises’ claim for lost rental income. Abbeville argues that since Frank and Robert individually signed the lease as lessors, F & R Enterprises has no claim under the lease. We find no merit with this argument.
*626 Article 2816 of the Louisiana Civil Code provides:
An obligation contracted for the partnership by a partner in his own name binds the partnership if the partnership benefits by the transaction or the transaction involves matters in the ordinary course of its business. If the partnership is so bound, it can enforce the contract in its own name.
Abbeville cites as authority for its argument Creaghan-Webre-Baker d/b/a CWB v. Le, 534 So.2d 94 (La.App. 3 Cir.1988). In that case, the court affirmed an exception of no cause of action finding that the alleged partnership had no cause of action on a contract executed individually by its three alleged partners. The court further found no evidence to indicate that the alleged partners disclosed to the defendants prior to executing the contract their status as mandataries or of the existence of the partnership. Had there been evidence of an agency relationship prior to the contract’s execution, the plaintiff would have been able to enforce the contract in its own name.
In this instance, Frank and Robert testified that they own the Lafitte Shopping Center under the partnership and trade name of F & R Enterprises. Evidence was presented that Frank and Robert executed the lease individually as lessors, with Lafitte the lessee. Frank, Robert, and David all testified that F & R Enterprises is a partnership between Frank and Robert, and that Lafitte is a Louisiana corporation whose only shareholders are Frank and Robert. They further testified that Lafitte paid its rent to F & R Enterprises instead of to Frank and Robert individually. hgAlthough Frank and Robert signed the lease individually, F & R Enterprises benefited from that contract and all parties had knowledge of the partnership prior to executing the lease. Thus, under La.Civ.Code art. 2816, F & R Enterprises can enforce the terms of the contract in its own name and it has a cause of action against Abbeville for lost rental income. The judgment of the trial court granting Abbeville’s exception of no cause of action is reversed.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings. The costs of this appeal are assessed to the plaintiff-appellee, the City of Abbeville.
REVERSED AND REMANDED.