NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-483

JANIS SQUARE

VERSUS

SHELTER INSURANCE COMPANY

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20061488
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Billy Howard Ezell, Judges.

AFFIRMED.

Bob Broussard
D. Patrick Daniel, Jr.
Bob Broussard, APLC
P. O. Drawer 80827
Lafayette, LA 70598-0827
(337) 232-3333
Counsel for Plaintiff/Appellant:
     Janis Square

Thomas R. Hightower, Jr.
Attorney at Law
P. O. Drawer 51288
Lafayette, LA 70505
(337) 233-0555
Counsel for Defendant/Appellee:
     Shelter Insurance Company

**DECUIR, Judge.**

In this suit to annul a judgment, Janis Square appeals a judgment of the trial court granting the peremptory exception of Shelter Insurance Company and denying her motion for new trial.

## FACTS

This is the second time these parties have been before this court. In January 2000, Square was involved in an automobile accident with Shelter's insured, Marjorie Leblanc. Square filed suit seeking damages for personal injuries allegedly sustained in the accident. The case proceeded to trial and, on April 1, 2004, judgment was entered in favor of Square and awarding damages of $19,000.00 for pain and suffering, past medicals, and lost wages. On May 13, 2004, Shelter tendered a draft in the amount of $22,879.66 for the amount of judgment plus legal interest, a satisfaction of judgment with reservation of rights to appeal, and a clerk's receipt for payment of court costs to Square's counsel. The satisfaction was never executed nor the draft negotiated.

Square appealed to this court alleging that the district court's judgment was inadequate or in the alternative that the jury's verdict should be thrown out and a new trial granted. On October 1, 2005, this court affirmed the judgment of the trial court. Subsequently, Square applied for writ of review/certiorari to the Louisiana Supreme Court which was denied. On January 23, 2006, Shelter notified counsel for Square that a new satisfaction of judgment and a new draft had been prepared.

On March 24, 2006, Square filed a separate independent action in the Fifteenth Judicial District Court to annul the judgment on the grounds that it was obtained by "ill practice." Specifically, Square contends that this court's decision in her original appeal is "so far departed from proper judicial proceedings so as to cause an abuse of the Appellate Court's power" and constitutes "ill practice" and the basis for

annulling the judgment. On May 1, 2006, Shelter filed a Peremtory Exception of No Cause of Action and Prescription/Peremption.

Shelter filed a motion to set hearing on its exception on June 27, 2006, which included certification by counsel for Shelter that notice was mailed to Square's counsel of record. On July 10, 2006, the trial court issued an order setting the hearing for August 14, 2006. This order contains no certification from the clerk that notice was mailed. Shelter appeared at the hearing. Neither Square, nor her counsel appeared. The trial court entered judgment in favor of Shelter. Square filed a motion for new trial alleging that she had no record of receiving notice of the August 2006 hearing. The trial court denied the motion. Square lodged this appeal challenging both the denial of the motion for new trial and the granting of Shelter's exceptions.

## DISCUSSION

Square contends the trial court erred in denying her motion for new trial because she has no record of receiving notice of the August 2006 hearing on Shelter's exception. Given that Shelter's exception covered No Cause of Action, Prescription and Peremption, it would appear that this assignment has some merit.

In *City of Abbeville v. deGraauw*, 96-971, pp. 6-7 (La.App. 3 Cir. 3/5/97), 692 So.2d 622, 625, this court said:

> Article 2594 of the Louisiana Code of Civil Procedure provides that in a summary proceeding a "copy of the contradictory motion, rule to show cause, or *other pleading filed by the plaintiff in the proceeding, and of any* order of the court assigning the date and hour of the trial thereof, shall be served upon the defendant." (Emphasis added). In *First Federal Sav. & Loan Ass'n of New Iberia v. Stanley*, 578 So.2d 220 (La.App. 3 Cir. 1991), the court applied the service provisions found in La.Code Civ.P. arts. 1313 and 1314 to summary proceedings after finding a lack of special provisions governing service of process for those types of proceedings involving a contradictory motion. La.Code Civ.P. art. 1312 states that every pleading subsequent to the original petition shall be served in accordance with Articles 1313 and 1314. Those articles read as follows:
>
> Article 1313:

2

A pleading which requires no appearance or answer, or which under an express provision of law may be served as provided in this article, may be served either by the sheriff or by:

(1) Mailing a copy thereof to the adverse party at his last known address, or to his counsel of record, this service being complete upon mailing;

(2) Delivering a copy thereof to the adverse party, or to his counsel of record; or

(3) Delivering a copy thereof to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.

When service is made by mail or delivery, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.

Article 1314:

A pleading which is required to be served, but which may not be mailed or delivered under Article 1313, shall be served by the sheriff, either on the adverse party in any manner permitted under Articles 1231 through 1265, or personally on the counsel of record of the adverse party.

Personal service on a partner or office associate of a counsel of record, in the office of such counsel of record shall constitute valid service under this article.

Since the February 26, 1992 notice was an order of the court assigning the date and hour of the trial, notice was required to be served on the appellants in accordance with La.Code Civ.P. art. 1314.

In the present case, it is not clear that the order setting the hearing date for the exceptions was ever even mailed to Square as permitted by Article 1313. The judgment itself contains a certification by the clerk that notice was sent, but the order setting the hearing date contains no such certification.

Accordingly, we find the record devoid of evidence that Square received the required notice of the hearing on the exception. Had the trial court decided the issue on the grounds of prescription or peremption the matter would be at an end. Given that evidence may be introduced at the trial of those exceptions, the failure to provide notice of the hearing would render the judgment null. However, in this case, the trial

3

court did not designate on which ground it was basing it's granting of Shelter's exception. Given that Shelter also alleged that Square's petition failed to state a cause of action, the notice error may not be fatal.

The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations presented. *Industrial Cos., Inc. v. Durbin,* 02-0665 (La. 1/28/03), 837 So.2d 1207. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.P. art. 931. "Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true, and the issue at trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought." *B & C Elec., Inc. v. East Baton Rouge Parish Sch. Bd.,* 02-1578, p. 4 (La.App. 1 Cir. 5/9/03), 849 So.2d 616, 619. Moreover, the trial court and this court have the authority to raise an exception of no cause of action on its own motion, and, accordingly, we do so herein. La.Code Civ.P. art. 927(B). Because we have chosen to raise this issue on our own motion, we find the failure to provide notice of the hearing on the exception was harmless.

We turn now to Square's contention that her petition should not be dismissed for failure to state a cause of action. In both her petition and her brief to this court, Square contends that this court was guilty of "ill practice" when it failed to give proper consideration to some of the issues raised on appeal. Square does not make any allegations or claims of fraud or ill practice on the part of the defendant, and it is clear that the fraud and ill practice referred to in the Code of Civil Procedure pertains to one of the litigants and not to the court. *See Montegut v. Board of Dentistry,* 68 So.2d 634 (La.App. 1 Cir. 1953). Moreover, "[a] judgment cannot be annulled merely for being legally wrong. The correctness of the judgment must be

4

questioned on appeal." *Lieber v. Caddo Levee Dist. Bd. of Com'rs*, 32,551, 32,552, p. 3 (La.App. 2 Cir. 12/8/99), 748 So.2d 587, 590.

In *Smith v. Cajun Insulation, Inc.*, 392 So.2d 398, 401 (La.1980), the Louisiana Supreme Court described the action in La.Code Civ.P. art. 2004 as follows:

> The action provided by this article is not a substitute for an appeal from a judgment that might be erroneous due to insufficiency of evidence or misinterpretation of substantive law, but, rather, is a separate remedy designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary.

While it is true that where a petition fails to state a cause of action, a plaintiff should be allowed to amend his demand if the grounds of the objection can be removed by amendment, La.Code Civ.P. art. 934, we conclude that no amendment could possibly cure the deficiencies in Square's petition. Accordingly, the trial court judgment dismissing Square's petition with prejudice was not erroneous.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Janis Square.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

5