JAMES F. McKAY III, Judge.
hln this summary proceeding to remove a statement of lien and privilege, the defendants, Perle Construction Group, L.L.C. and its managing member, Megan Fuselier, appeal the district court’s judgment in favor of the plaintiff, C.D.W. Services, LLC. For the following reasons, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
The State of Louisiana, through its Division of Administration, desired to renovate certain buildings at Jackson Barracks. The State hired Yeates & Yeates Architects, LLC to design the renovations. Yeates & Yeates produced plans and specifications for the project dated November 6, 2009 and issued two bidding documents. Satterfield & Pontikes Construction, LLC was the apparent low bidder.
On January 11, 2010, Satterfield & Pon-tikes entered into a construction contract with the State. The contract required that Satterfield & Pontikes furnish performance and payment bonds in the amount of $7,300,000.00. These bonds were issued by Western Surety Company and Safeco Insurance. The bonds and ^construction contract were filed into the mortgage records of Orleans Parish on February 3, 2010.
Satterfield & Pontikes subcontracted a portion of the work required for the project to C.D.W. Services, LLC. C.D.W. Services contacted Perle Construction Group, L.L.C. to solicit Perle’s help in performing the painting work and the two entered into an oral agreement. Perle then contracted with PQ Construction, L.L.C. to supply labor for the project. At some point, C.D.W. Services desired to contract directly with PQ. In August of 2010, C.D.W. Services contracted with PQ to perform the remainder of the painting work. C.D.W. Services did not pay Perle’s invoices.
On December 8, 2010, Perle recorded a statement of claim in the mortgage records *962 of Orleans Parish. Perle furnished C.D.W. Services, Satterfield & Pontikes, their respective sureties, and the State with copies of the lien. Perle made amicable demand for payment of the unpaid amounts on the principal and thirty days elapsed without payment being made. On March 22, 2011, C.D.W. Services filed a verified petition for removal of lien and damages in a summary proceeding. Perle then brought a reconventional demand for concursus and for damages including special damages of statutory attorney’s fees.
A hearing was held on May 13, 2011. The trial court required Perle to file a response. Perle failed to file a response. The trial court then found for C.D.W. Services and extinguished Perle’s claim and directed the Clerk of Court as the Ex-Officio Recorder of Mortgages for Orleans Parish to cancel the lien. The trial | «¡court did not consider Perle’s reconventional demand. It is from this judgment that Perle now appeals.
DISCUSSION
On appeal, Perle raises the following assignment of error: the trial court erred in requiring a responsive pleading and/or answer by the defendants as no such requirement exists for summary proceedings under the Louisiana Code of Civil Procedure.
Louisiana Code of Civil Procedure Article 2593 states:
A summary proceeding may be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise provided by law.
Exceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding shall be filed prior to the time assigned for, and shall be disposed of at, the trial. An answer is not required, except as otherwise provided by law.
No responsive pleadings to an exception are permitted.
In the instant case, C.D.W. Services filed a verified petition for removal of lien and damages in a summary proceeding. Although Perle, through its counsel of record, appeared at the hearing, the trial court did not allow counsel to introduce testimony from witnesses or affidavits because Perle had not filed a responsive pleading. Furthermore, the trial court did not consider Perle’s reconventional demand.
The summary proceeding in the instant case is not one of the exceptions, such as summary judgment, provided by law where a responsive pleading is required.[1] As such, an answer or other responsive pleading was not required. ^Accordingly, when the trial court required Perle to file a response in this case, it was in direct violation of Louisiana Code of Civil Procedure Article 2593.
The trial court erred in extinguishing Perle’s claim and granting relief to C.D.W. Services based on Perle’s failure to respond. No responsive pleading was required in the summary proceedings below. It was also error for the trial court not to consider the reconventional demand filed by Perle.
CONCLUSION
For the above and foregoing reasons, the trial court’s granting of C.D.W. Services’ verified petition for removal of lien *963 and damages is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED

. Ordinarily, an answer to a summary proceeding is not mandated. However, a motion for summary judgment, in the form of a rule to show cause, is a contradictory motion which commands a party to appear and show cause why the relief prayed for should not be granted. First Fed. Sav. & Loan Ass’n of New Iberia v. Stanley, 578 So.2d 220, 223 (La.App. 3 Cir.1991).